BERTHA ROSE et al., Appellants, *v.* THE GREAT ATLANTIC AND PACIFIC TEA COMPANY et al., Respondents.

*Negligence — nuisance — injury to customer of store from slipping on ice in front of store — complaint dismissed in action to recover on theories of nuisance and negligence.*

*Rose* v. *Great Atlantic & Pacific Tea Co.,* 222 App. Div. 655, affirmed.

(Argued April 12, 1928; decided May 8, 1928.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered December 6, 1927, affirming a judgment in favor of defendants entered upon a dismissal of the complaint by the court at a Trial Term in an action to recover for personal injuries and for loss of services and expense alleged to have been sustained by plaintiffs through the negligence of and maintenance of a nuisance by defendants. Plaintiff, while leaving the store of defendant tea company, slipped on ice which had accumulated in front of the door and fell, receiving injury.

*Frank I. Finkler* for appellants.

*Charles H. O'Connor* and *Michael J. O'Neill* for respondents.

Judgment affirmed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ.

---

In the Matter of the Accounting of DAISY S. BORST, as Executrix of HENRY V. BORST, Deceased, Respondent. HARRY V. BORST et al., Appellants.

*Executors and administrators — accounting — decedent's estate — title to stock and dividends claimed by executrix under written assignment*

*Matter of Borst,* 222 App. Div. 707, affirmed.

(Argued April 12, 1928; decided May 8, 1928.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the third judicial

department, entered November 23, 1927, which unanimously affirmed a decree of the Montgomery County Surrogate's Court overruling objections to and settling the intermediate account of the executrix of Henry V. Borst, deceased. The contestants contended that the executrix should be surcharged the value of certain stock and dividends thereon received since the death of testator. The executrix claimed title thereto by virtue of a written assignment.

*Harry V. Borst* for appellants.

*John T. Norton, Charles S. Nisbet* and *Daisy S. Borst* for respondent.

Order affirmed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ.

---

In the Matter of MAURICE B. GLUCK, Appellant.

THE ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Respondent.

*Appeal — order appointing referee to take testimony of alleged professional misconduct of attorney — appeal to Court of Appeals dismissed.*

*Matter of Gluck,* 223 App. Div. 747, appeal dismissed.

(Argued April 30, 1928; decided May 8, 1928.)

MOTION to dismiss an appeal from an order of the Appellate Division of the Supreme Court in the first judicial department, entered March 2, 1928, appointing a referee to take testimony as to alleged professional misconduct of an attorney.

The motion was made upon the grounds that the order was not appealable as of right and that permission to appeal had not been obtained.

*Einar Chrystie* for motion.

*Maurice B. Gluck* opposed.

Motion granted and appeal dismissed.