## FOSTER v. COMMISSIONER OF INTERNAL REVENUE. *
### No. 8220.

Circuit Court of Appeals, Ninth Circuit.
June 14, 1937.

*Rehearing denied July 26, 1937.

Philip G. Shechy, of San Jose, Cal., for petitioner.

Robert H. Jackson, Asst. U. S. Atty. Gen., and Sewall Key and A. F. Prescott, Sp. Assts. to the Atty. Gen., for respondent.

Before WILBUR, MATHEWS and HANEY, Circuit Judges.

MATHEWS, Circuit Judge.

Petitioner, as executrix of the last will of her deceased husband, Chapman Foster, seeks reversal of a decision of the Board of Tax Appeals which sustained a determination by respondent, the Commissioner of Internal Revenue, that there was a deficiency of $1,119 in respect of the estate tax imposed on Chapman Foster's estate by title III (sections 300-325) of the Revenue Act of 1926, 44 Stat. 69–87.

Chapman Foster (hereinafter called decedent) died on March 16, 1931. At the time of his death he and petitioner held as joint tenants real estate of the value of $203,815, stocks and bonds of the value of $51,080, and promissory notes of the value of $91,149.40, being a total of $346,-044.40. Petitioner, in her estate tax return, reported the value of decedent's gross estate as including only one-half the total value mentioned above. Respondent ruled that the total value, $346,044.40, should have been included. He accordingly determined a deficiency of $1,119 and, upon petition for redetermination, his ruling was sustained.

Section 302 of the Revenue Act of 1926, 44 Stat. 70, provides:

"The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated—. . .

"(a) To the extent of the interest therein of the decedent at the time of his death;
. . .

"(e) To the extent of the interest therein held as joint tenants by the decedent and any other person, or as tenants by the entirety by the decedent and spouse, . . . except such part thereof as may be shown to have originally belonged to such other person and never to have been received or acquired by the latter from the decedent for less than an adequate and full consideration in money or money's worth: *Provided,* That where such property or any part thereof, or part of the consideration with which such property was acquired, is shown to have been at any time acquired by such other person from the decedent for less than an adequate and full consideration in money or money's worth, there shall be excepted only such part of the value of such property as is proportionate to the consideration furnished by such other person." 26 U.S.C.A. § 411 (a, e).

In this case the Board found that all the above-mentioned property was held by decedent and petitioner as joint tenants. This finding is not challenged by petitioner, but is in her brief, as it was in oral argument, conceded by her to be correct. Petitioner's brief states:

" . . . The sole question before this court is whether all or only half the property held in joint tenancy should be included in the estate of [decedent]. . . ."

"The single question brought here for determination is whether the half of an estate belonging to a wife as joint tenant with her husband can be included in his estate upon his death for the purpose of computing the death tax under the Revenue Act of 1926. . . ."

The Board did not find that any part of the above-mentioned property belonged originally to petitioner and was never received or acquired by her from decedent for less than an adequate and full consideration in money or money's worth, or that she did not acquire from decedent the consideration, if any, with which she acquired her part, if any, of said property. The record contains no evidence which would have warranted such a finding. Subdivision 2 of our rule 36 provides: "If error is assigned in the admission or rejection of evidence, or on the ground that a finding of the board is unsupported by any evidence, a statement of the evidence submitted to the board shall be prepared by the petitioner. Such statement shall contain in narrative form the evidence material to the assignments of

error, and shall be prepared by the parties and settled by a member of the board in accordance with the general equity rules promulgated by the Superior Court of the United States."

Subdivision 4 of our rule 36 provides that, within 60 days from the filing of a petition for review and service of notice thereof on the opposite party, the statement of evidence, if any, shall be prepared and filed, and the clerk of the Board shall transmit and deliver to the clerk of this court certified copies of the documents constituting the record, including the statement of evidence, if any, settled and agreed upon.

In this case, no statement of evidence has been transmitted to this court. There has been transmitted, as constituting a part of the record, a certified copy of a "stipulation as to facts," signed by counsel for the parties and filed on the date of the hearing before the Board. The stipulation reads: "It is hereby stipulated by and between the parties hereto acting through their respective attorneys of record that the following facts shall be taken as true in the trial of the above proceeding subject to the right of either party to introduce other and further evidence not at variance with facts herein."

Following this recital, the stipulation states certain facts regarding the above-mentioned property, but does not state that any part thereof belonged originally to petitioner and was never received or acquired by her from decedent for less than an adequate and full consideration in money or money's worth, or that she did not acquire from decedent the consideration, if any, with which she acquired her part, if any, of said property.

No evidence other than the stipulation appears to have been received. Whether the stipulation was received in evidence or not, the record does not show. Assuming that it was, we must and do hold that there was nothing in the stipulation which would have warranted a finding of any fact or facts entitling petitioner to the benefit of the exception provided in section 302 (e) of the Revenue Act of 1926 (26 U.S.C.A. § 411 (e). On this issue, petitioner had the burden of proof and failed to sustain it. We conclude, therefore, that the Board's decision, applying the general rule stated in section 302 (e), was correct.

Petitioner's contention that the total value of property held by decedent and herself as joint tenants could not, consistently with the Constitution, be included in decedent's gross estate for the purpose of computing the estate tax imposed by the Revenue Act of 1926, cannot be sustained. The Supreme Court has rejected a similar contention with respect to property held by husband and wife as tenants by the entirety. Tyler v. United States, 281 U.S. 497, 501, 504, 50 S.Ct. 356, 74 L.Ed. 991, 69 A.L.R. 758; Phillips v. Dime Trust & Safe Deposit Co., 284 U. S. 160, 165, 52 S.Ct. 46, 76 L.Ed. 220. The rule is the same with respect to property held in joint tenancy. O'Shaughnessy v. Commissioner (C.C.A.6) 60 F.(2d) 235, 236; Commissioner v. Emery (C.C.A.7) 62 F.(2d) 591, 592.

Decision affirmed.