In the Matter of the Estate of EUDORA L. CRUMP, Deceased.
STATE TAX COMMISSION, Appellant.
WALTER G. CRUMP, JR., as Executor of EUDORA L. CRUMP,
Deceased, Respondent.

Argued October 7, 1942; decided December 3, 1942.

*Jerome M. Hirsch* for appellant. The order of the Surrogate erroneously directed the appraiser to receive evidence of the alleged transfer of the stock, and the admission of such evidence by the

appraiser over the objection was contrary to section 278 of the Tax Law (Cons. Laws, ch. 60.) (*Matter of Cleveland*, 158 N. Y. Supp. 1099, 171 App. Div. 908; *Matter of Ball*, 161 App. Div. 79; *Matter of Borst*, 129 Misc. Rep. 424; 222 App. Div. 707; 248 N. Y. 556.)

*Homer I. Harris* for respondent. The Tax Commission had the burden of proving that the stock was subject to tax. There is no evidence to sustain a finding that the shares of stock were the property of the decedent at the time of her death. (*Matter of Enston*, 113 N. Y. 174; *Matter of Cochrane*, 117 Misc. Rep. 18; 202 App. Div. 807; *Matter of Wadsworth*, 100 Misc. Rep. 439; 185 App. Div. 944; *Matter of Burnhans*, 100 Misc. Rep. 646; *Matter of Miller*, 77 App. Div. 473; *Matter of Vassar*, 127 N. Y. 1; *Matter of Enston*, 113 N. Y. 174; *Matter of McPherson*, 104 N. Y. 306; *Bean v. Flint*, 204 N. Y. 153; *Matter of Barnes*, 83 Misc. Rep. 272; *Matter of Mills*, 172 App. Div. 530; 219 N. Y. 642; *Rogers v. Ballenberg*, 68 Fed. Rep. [2d] 730.)

FINCH, J. This appeal determines an effect of the failure to annex stamps to a stock certificate pursuant to the Tax Law, § 278 (Cons. Laws, ch. 60). The decedent, Mrs. Crump, died a resident of the State of New York. In proceedings to fix the estate tax, the executor filed in the office of the estate tax appraiser a return and schedules setting forth a statement of two *inter vivos* transfers made by the decedent (1) of 1,600 shares of Eastman Kodak common stock approximately seven years prior to her death, to her son Walter Gray Crump, Jr., the executor herein, and (2) 1,524 shares of Eastman Kodak common stock two years prior to her death to her husband, Walter Gray Crump. Supplementing these schedules the attorney for the executor filed affidavits of several persons relating particularly to the transfer of the 1,524 shares of stock to the husband. Upon this appeal we are concerned only with the exclusion by the appraiser from the gross estate of decedent of the sum of $173,676, representing the value of 984 shares of the 1,524 shares of Eastman Kodak stock alleged to have been transferred by the decedent to her husband on September 27, 1934. Prior to September 27, 1934, it is conceded that the decedent was the owner of 1,524 shares of Eastman Kodak stock issued in her name, she receiving the dividends and paying income taxes thereon. Concededly, decedent was the legal and beneficial

owner of this stock at the time of her death and the value thereof would be properly included in her gross estate unless it could be shown that a valid gift or transfer *inter vivos* had been made by the decedent to her husband. On May 10, 1940, a hearing was held before the estate tax appraiser in respect to the alleged transfer of these 1,524 shares of stock by the decedent to her husband. It was then adduced for the first time from the testimony of the husband that stock transfer tax stamps were not affixed to 984 shares of the 1,524 shares, nor were stamps affixed to any memorandum of sale or any other document evincing such sale or transfer at the time of the alleged transfer. Thereupon on motion of the attorney for the State Tax Commission, the appraiser struck out all testimony offered by the executor concerning the alleged transfer of 984 shares of stock from decedent to her husband. The attorney for the executor submitted no further proof, and requested that the report of the appraiser be filed. Based upon a report of the appraiser, which included in the gross estate the 984 shares, an order was entered fixing and assessing a tax on the estate of the decedent. From this order the executor appealed to the Surrogate. The appeal was sustained, and an order was entered by the Surrogate remitting the proceedings to the appraiser for the purpose of receiving evidence of title as to these shares of stock. A hearing was subsequently held before the appraiser and evidence was admitted over the objection of the State Tax Commission with respect to the ownership of these 984 shares of Eastman Kodak stock. In a supplemental report, the appraiser fixed the estate tax, excluding the 984 shares of stock from the estate. The State Tax Commission again appealed to the Surrogate, who denied such appeal. Upon appeal to the Appellate Division, the order of the Surrogate was unanimously affirmed. We allowed this appeal.

Upon this appeal the State Tax Commission contends that, since it appears affirmatively that no transfer tax stamps were affixed to the alleged transfer of the assignment of the 984 shares of stock, and proper objection having been made to the introduction of testimony relating to the transfer, the appraiser erroneously received proof of such alleged transfer contrary to the provisions of the Tax Law (§ 278).

It being admitted that at the time of the alleged transfer, namely on September 27, 1934, of the 984 shares of stock, there were not

any stock transfer stamps affixed to the certificate or any payment made by the decedent on said stock transfers as provided for in the Tax Law (§§ 270, 270-a) we must consider the effect of the failure to pay the tax, as provided for in section 278 of the Tax Law. This section is as follows: " § 278. Effect of failure to pay tax. No transfer of certificates taxable under this article made after June first, nineteen hundred and five, on which a tax is imposed by this article, and which tax is not paid at the time of such transfer shall be made the basis of any action or legal proceedings, nor shall proof thereof be offered or received in evidence in any court in this state."

A reading of the above section shows two distinct penalties prescribed for failure to attach stock transfer stamps at the time of the transfer (1) no transfer of certificates shall be made the basis of any action or legal proceeding, and (2) proof relating to the transfers shall not be offered or received in evidence in any court in this State. It is the second provision which applies to the issue involved on this appeal. The situation in this litigation is as follows. At the date of the death of decedent, 984 shares of stock were in her name as the last owner. The value of these certificates is included properly in the gross estate of this decedent, upon which the estate tax will be measured unless the executor can establish by competent proof the transfer of these certificates to the husband of decedent prior to her death. In an effort to establish this transfer, there were offered in evidence before the appraiser several affidavits which were objected to by the State Tax Commission as coming directly within the penalty provided for under the Tax Law (§ 278).

In the case at bar the executor stands in the same position as the transferor, the decedent herein, who has violated the provisions of the Tax Law (§ 278) and accordingly cannot establish by competent proof the alleged transfer of the stock certificates for the purpose of showing that title to this certificate had passed out of the estate. As appears in the record herein, at the date of the death of the decedent, the securities were held in the name of the decedent as a stockholder of record on the books of the company, and she received the dividends and paid income taxes thereon. Concededly the decedent was the legal and beneficial owner of the stock at the time of her death, and the value should be properly included in the gross estate of decedent, unless there is competent

evidence that it is not a part of the estate. The Tax Law applying to the case at bar for the purpose of fixing a tax on the estate of decedent provides (§ 249-r): "The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property * * * to the extent of the interest therein of the decedent at the time of his death." The meaning of this statute is not ambiguous. The State Tax Commission has a right, for the purpose of fixing a tax on the estate, to include in the gross estate all which is the property of decedent at the time of her death. At the date of the death of decedent, the fact that she appeared as a stockholder of record on the books of the company, received dividends thereon, and accounted for their receipt and ownership for the income tax, at least permitted an inference of legal and beneficial ownership sufficiently strong to require a rebuttal by those who claim otherwise. The burden of establishing a change of ownership by the alleged transfer is upon the executor of the estate. The State Tax Commission has a right to rely upon what appears to be the property of the estate, and if proof is to be adduced to show ownership otherwise than as appears, this must be submitted by the representatives of the estate. By section 278 of the Tax Law the executor is prohibited from offering any proof thereof when there has been a failure to pay the tax and affix the stock transfer tax stamps to the certificate at the time of the transfer. It is urged by the executor that the burden is not upon him but upon the State Tax Commission to prove that the property, which it claims belongs to the estate, is subject to the tax. This the State Tax Commission has done when it shows that at the date of the death of the decedent, she appeared of record on the books of the company as the owner and had received the dividends and paid an income tax thereon. Upon such a showing it was the duty of the executor, if he relied upon a transfer of title, to prove the same, and of this he is prohibited from offering proof by reason of section 278 of the Tax Law because the transferor, whose representative he is, has failed to comply with the tax imposed by sections 270 and 270-a of the Tax Law.

Respondent cites no authority for the holding that the transferor or the representative of the estate of the transferor may fail to pay the tax by attaching the stock transfer stamps, and still offer proof and have it received in evidence as sustaining the transfer. *Matter of Borst* (248 N. Y. 556) did not involve a dispute between

the State Tax Commission and the representatives of an estate, but a dispute between the estate of a transferor and a transferee in which the estate was seeking to invoke the statute against the transferee and take advantage of the transferor's failure to affix the stamps to a transfer and so recover the property. Attention was specifically called by the learned Surrogate to the fact that it was the duty of the transferor to affix the stamps and not the duty of the transferee. This is in accordance with the provision of the statute which provides: " It shall be the duty of the person or persons making or effectuating the sale or transfer to procure, affix and cancel the stamps and pay the tax provided by this article." (Tax Law, § 270).

In *Matter of Mills* (219 N. Y. 642) there was no evidence as to the fixation of transfer stamps before the appraiser and no objection on this ground was made before him. Hence, upon appeal to the Appellate Division, it was held that the motion to strike out all evidence as to the gifts *inter vivos* upon the ground that no stock transfer stamps were affixed at the time of the gift was properly denied, and the only question involved on presentation to this court was whether title to this property came to the son and daughter under the will or by gift *inter vivos*. The decision in *Wylie* v. *Addoms* (268 N. Y. 160) is not inconsistent with the decision in the case at bar. *Bean* v. *Flint* (204 N. Y. 153) and *Rogers* v. *Ballenberg* (68 Fed. Rep. [2d] 730) are also not to the contrary.

It follows that the order of the Appellate Division dated February 6, 1942, and the order of the Surrogate's Court dated October 20, 1941, denying the appeal of the State Tax Commission from the order fixing the tax dated June 27, 1941, should be reversed, and the order of the Surrogate's Court entered June 3, 1940, which included as taxable the value of the 984 shares of Eastman Kodak Company stock should be affirmed, with costs in this court and in the Appellate Division payable out of the estate.

LEHMAN, Ch. J., LEWIS and DESMOND, JJ. concur; LOUGHRAN, RIPPEY and CONWAY, JJ., dissent.

Ordered accordingly.