All concur, except McCum and Kimball, JJ., who dissent and vote for modification in accordance with the following memorandum: The facts set forth in the tax schedules were not litigated when the pro forma order was made but were assumed to be true. The order made within two years modifying the pro forma order was within the power of the Surrogate. (Matter of Willets, 119 App. Div. 119, affd. 190 N. Y. 527; Matter of Troescher, 265 App. Div. 971, affd. 291 N. Y. 760; see, also, Tax Law § 249-aa.) The petitioner having moved to modify the pro forma order, the burden was upon her to show facts which would justify such modification. Moreover, it was incumbent upon the petitioner to establish the facts which would bring the property held by herself and decedent as tenants by the entirety within the exceptions specified in section 249-r of the Tax Law. (Matter of Crump, 289 N. Y. 287, 291; Foster v. Commissioner of Internal Revenue, 90 F. 2d 486.) The petitioner does not allege that the original purchase price of parcels A, B, D, and E, held by herself and decedent as tenants by the entirety, was paid by her or that no part of the same was furnished by the decedent. Consequently the petition fails to provide a basis for fixing the taxable value of these parcels at less than their full value. (Foster v. Commissioner of Internal Revenue, supra.) We therefore dissent from that part of the decision being made which relates to parcels A, B, D, and E, and vote to modify the order appealed from so as to include the full value of parcels of A, B, D, and E, in the gross estate. (The order vacates a pro forma taxing order and directs a refund to the estate of an overpayment in taxes.) Present — Taylor, P. J., McCum, Vaughan, Kimball and Piper, JJ.