DARLING, Executor, Appellant, vs. MATTOON STATE BANK, Respondent.

*January 11—February 9, 1926.*

*Gifts: Assignment of certificate of deposit to become operative after death of depositor: Validity: Testamentary disposition of property: Witnessed assignment as a will.*

1. Where a depositor who had delivered a certificate of deposit, indorsed to another, to the cashier of a bank with written instructions to keep it for the depositor and under her control during her lifetime, and to deliver it, after her death, to the indorsee, died retaining title to the certificate, there was no gift *inter vivos,* and the attempt to transfer after death fails because it was not in accordance with the statute of wills. p. 119.

2. Both a direction for the payment of debts after death out of property owned. and controlled by decedent at the time of death, and directions for a gift after death, must conform to the law relating to the testamentary disposition of property or the settlement of the estates of decedents. p. 119.

3. The writing containing the instructions of the depositor to the bank cashier is not a will because, although it was signed by two witnesses, the instrument was not intended or published as a will and was never admitted to probate. p. 119.

APPEAL from a judgment of the circuit court for Shawano county: EDGAR V. WERNER, Circuit Judge. *Reversed.*

Action by the plaintiff as the executor of the will of Eliza Chase, deceased, against the defendant bank to recover the proceeds of a certificate of deposit for $520 deposited by Mrs. Chase with the bank on the 3d day of December, 1921. On March 21, 1922, Mrs. Chase indorsed the certificate as follows: "For value received, I hereby sell, assign, and set over unto Myrtle Lorrig this certificate of deposit. (Signed) Eliza Chase." Mrs. Chase delivered the certificate so indorsed to Mr. Kramer, cashier of the defendant bank, with the following instructions in writing:

*"Mattoon State Bank,* Wisconsin:                3–21–22.

"I am delivering to you certificate of deposit No. 13,837 for $520, dated 3–12–21, which you are to keep for me, the same to be under my control during my lifetime. In the event of my death pay the amount to Myrtle Lorrig for her own use, the same being for my care and support.

                              "ELIZA CHASE.

"Witnesses: Mary H. Staege, W. B. Kramer."

At the time Mr. Kramer gave Mrs. Chase a receipt reading:

                                    "3–21–22.

"Received from Eliza Chase C. D. No. 13,837 for $520 which we will hold for you during your lifetime, and in event of your death the amount will be paid to Myrtle Lorrig as per your order.

                    "MATTOON STATE BANK,
                        "By W. B. Kramer, Cashier."

The certificate was retained in the bank until Mrs. Chase's death, which occurred on the 10th day of May, 1922. On the 16th day of May, 1922, the certificate was indorsed by Myrtle Lorrig and cashed. The court found the facts substantially as above stated, there being no dispute in the evidence, and as conclusions of law the court held that plaintiff was entitled to no relief because the title to the certificate

of deposit passed and the bank held it under the agreement to compensate Myrtle Lorrig for services rendered in the support, care, and maintenance of Eliza Chase; and further, that if the delivery failed it was a testamentary disposition of her property inasmuch as it was signed by two witnesses. From a judgment entered accordingly the plaintiff appealed.

For the appellant there was a brief by *Dillett & Fischer* of Shawano, and oral argument by *C. F. Dillett.*

For the respondent the cause was submitted on the brief of *Winter & Winter* of Shawano.

VINJE, C. J.   The facts show that Mrs. Chase made an arrangement whereby she retained dominion and control of the certificate during life.   She died retaining title to it, so there was no gift *inter vivos.*   Her attempt to dispose of it after death fails because not in accordance with the statute relating to wills.   The case falls under the principle announced in *Warsco v. Oshkosh Sav. & T. Co.* 183 Wis. 156, 196 N. W. 829, and is ruled by it.

If a person could lawfully direct payment of debts after death out of property owned by him at the time of death it would result in an annulment of the law of wills and the law relating to the settlement of estates of decedents.   Directions for the payment of debts after death out of property owned and controlled by decedent at the time of death have a status no different from directions for a gift after death.   Both must conform to the law relating to testamentary disposition of property or the settlement of estates of decedents.

The suggestion of the trial court that the written instructions left by Mrs. Chase with the bank having been signed by two witnesses in her presence constitute a will passing the property to Myrtle Lorrig cannot prevail.   The parties did not intend to make a will; it was not published as such, and it has never been admitted to probate, and so cannot form the basis for passing property by testamentary disposi-

tion. Such an instrument cannot be made a will by the mere addition of the signatures of two witnesses.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment for plaintiff.