PHILLIPS, COLLECTOR OF INTERNAL REVENUE, *v.* DIME TRUST & SAFE DEPOSIT CO., EXEC-UTOR.

No. 18. Argued October 20, 1931.—Decided November 23, 1931.

*Mr. Claude R. Branch,* with whom *Solicitor General Thacher, Assistant Attorney General Youngquist* and *Messrs. Sewall Key, J. Louis Monarch, Erwin N. Griswold, Clarence M. Charest,* and *Wm. T. Sabine, Jr.,* were on the brief, for Phillips.

*Mr. Charles C. Lark* for the Dime Trust & Safe Deposit Co.

162

164

MR. JUSTICE STONE delivered the opinion of the Court.

This suit was brought in the District Court for the Middle District of Pennsylvania, by the executor, to recover federal estate taxes alleged to have been illegally exacted. A jury having been waived, the court found the facts as stipulated and gave judgment against the collector. 30 F. (2d) 395. Upon appeal, the Court of Appeals for the Third Circuit, without deciding the case, certified here the questions involved, and, on joint motion of the parties, this Court ordered up the entire record. Jud. Code 239.

The only controversy presented relates to taxes levied and collected with respect to thirteen items of property, real and personal, concededly held by decedent and his wife as tenants by the entirety at his death in 1925. The applicable taxing statute is § 302 of the Revenue Act of 1924, 43 Stat. 253, 304, which provides that the gross value of the decedent's estate subject to tax shall include all property:

" (e) To the extent of the interest therein held as joint tenants by the decedent and any other person, or as tenants by the entirety by the decedent and spouse, or deposited, with any person carrying on the banking business, in their joint names and payable to either or the survivor, except such part thereof as may be shown to have originally belonged to such other person and never to have been received or acquired by the latter from the decedent for less than a fair consideration in money or money's worth: . . ."

This provision, without any variation of present significance, was in force under the 1916 and successive revenue acts. § 202, Rev. Act of 1916, 39 Stat. 756, 777–778; Rev. Act of March 3, 1917, 39 Stat. 1000; § 402, Rev. Act of 1918, 40 Stat. 1057, 1097; § 402, Rev. Act of 1921, 42 Stat. 227, 278.

The thirteen items of property with respect to which the tax was imposed may be classified in three groups, (1) property held upon tenancies by the entirety created after the effective date of the Revenue Act of 1924, (2) property held upon tenancies by the entirety created after the Revenue Act of 1916 and before the effective date of the Revenue Act of 1924, and (3) bank accounts opened in 1910 in the joint names of decedent and his wife, in which there were deposit balances at the date of his death.

The district court accepted the contention of the taxpayer that the nature of the estate by the entirety, and particularly the interest in it of a surviving tenant, are such as to preclude the imposition of death or transfer taxes measured by the value of the interest which ceases at the death of either tenant, and that the tax, if deemed to be upon property, is a direct tax not apportioned, forbidden by Art. I, § 2, Clause 3, and § 9, Clause 4, of the Constitution. After the decision of the district court, this contention was considered and rejected by this Court in *Tyler* v. *United States*, 281 U. S. 497, holding that a like tax imposed under § 202 (c), Rev. Act of 1916, was a valid indirect tax, measured by the value of the property, rights in which devolved upon the surviving tenant upon the happening of an event, the death of the other tenant by the entirety.

The controlling force of that decision is acknowledged as to the items of property in Group (1), acquired after the passage of the taxing act, and as to them it is conceded that the tax was rightly levied.

But it is urged that the tax imposed with respect to Groups (2) and (3) is invalid. As the creation of the tenancies by the entirety antedated the taxing act, and the earlier corresponding sections had been repealed, it is insisted that the statute is given a retroactive operation, such as that condemned by this Court in *Nichols* v. *Cool-*

*idge,* 274 U. S. 531; *Untermyer* v. *Anderson,* 276 U. S. 440; *Coolidge* v. *Long,* 282 U. S. 582. As § 302 (h) of the Act of 1924 specifically makes the quoted provision of subdivision (e) applicable to estates created or existing before the passage of the statute, the question presented is not one of its construction or applicability, but of the power of Congress to impose the tax. The Government argues that the tax was laid on the devolution of rights upon the wife at the death of her husband after the passage of the Act, and that therefore the statute was not applied retroactively, even though the estate was created before its enactment. Without foreclosing consideration of this contention at another time, we find it unnecessary now, in view of the facts of the present case, to pass upon it.

*Group 2.* The tenancies in all of the items of the second group were created after the passage of the 1916 Revenue Act. Congress had by that act adopted a system of death taxes, embracing, as it lawfully might, estates by the entirety. As was pointed out in *Tyler* v. *United States, supra,* pp. 503, 505, such estates are appropriate subjects of death taxes and the taxation of them is a suitable measure to prevent evasion of a system of taxation levied on estates passing at death by will or inheritance. In both respects they resemble gifts made in contemplation of death, likewise taxed by the estate tax provisions of the 1916 and later revenue acts. The considerations which led us, in *Milliken* v. *United States,* 283 U. S. 15, to uphold taxation of gifts in contemplation of death, made after the 1916 Act and before that of 1918, at the higher rate of the latter act, are equally applicable here. The knowledge available before the creation of the estate that it was embraced within an established taxing system and that its taxation, on the same basis and in the same manner as decedents' estates, was an essential part of the

system to prevent evasions, relieves the present tax of the objection that it is arbitrarily retroactive.

*Group 3.* Although the bank accounts were opened before the passage of the Revenue Act of 1916, the record does not disclose whether the deposits, which were the sources of the credit balances at the time of the decedent's death, were made before or after 1916. If after, the tax was rightly laid, for reasons already stated, which support the tax with respect to the items in Group 2. As the suit is brought to recover taxes already paid, the presumption is that they were lawfully assessed and the burden rests on the taxpayer to prove the facts which establish their illegality. *Niles Bement Pond Co.* v. *United States*, 281 U. S. 357, 361; *Reinecke* v. *Spalding*, 280 U. S. 227, 232. As the taxpayer has failed to sustain the burden in this respect or to show that the wife had originally owned or paid for any of the items or to present any facts to support a recovery other than those stated, the judgment is

*Reversed.*