Union Guardian Trust Company, Successor to Union Trust Company, Executor of the Will of J. Dallas Dort, Deceased, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 44735. Promulgated October 21, 1932.

*William P. Smith, Esq.*, and *John C. Evans, Esq.*, for the petitioner.

*L. S. Pendleton, Esq.*, for the respondent.

### OPINION.

STERNHAGEN: The respondent determined a deficiency in the estate tax of the decedent's estate amounting to $72,055.52. Several questions were at first in issue, but by stipulations all issues have been withdrawn or adjusted satisfactorily except one.

The decedent more than two years before his death, which occurred on May 17, 1925, had executed seven trusts, copies of which are in evidence as Exhibits A to G. In determining the deficiency, the respondent included in the gross estate the value of the corpus of these trusts, regarding them as within subdivisions (c) and (d) of section 302 of the Revenue Act of 1924. This inclusion is assailed by the petitioner.

Each trust instrument contained the following provision:

> This trust shall remain and be carried out as herein directed, and should it be deemed advisable to make any change or changes therein during my lifetime, such change or changes, if any, must be in writing and attached to this instrument and must have the signature of myself and said Grantee [trustee]; and in that event such change or changes shall become a part of this instrument. I reserve the right, however, during my lifetime, with the consent of the beneficiary, to revoke and cancel this trust, and require a reconveyance to me of the property included herein.

In trusts A, B, C and D, the net income was to be paid to the decedent during his life and thereafter to the beneficiary. If the beneficiary were to die before decedent, the corpus was thereupon to be delivered to decedent. If decedent were to die before the beneficiary had reached a certain age, a designated value of corpus was to be delivered to the beneficiary at that age and a designated value at a later age, the income of the remaining corpus after decedent's death going to the beneficiary. At the death of the beneficiary, the corpus remaining was to be delivered to the beneficiary's children or heirs.

In trust E the beneficiary was, after the death of the decedent, to receive only the income during her life, and had the power to dispose of the corpus by will. If she left no will, it was to go to her intestate successors. In trust F the decedent, by an amendment, received no income; it was to be paid to the beneficiary during his life, and the corpus was to be retained by the trustee until the beneficiary's death, whereupon it was to be delivered to the decedent, if living, or to the beneficiary's children or heirs. Trust G was like trust F, except that decedent was not to receive the corpus if he outlived the beneficiary.

It is agreed that none of the transfers was made in contemplation of death, that the Commissioner's valuations are correct, if material, and that none of the property was administered as part of decedent's estate. All of the named beneficiaries survived the decedent.

The petitioner treats the trusts as complete transfers of both the legal and equitable interests at the time of their execution, with a mere possibility of reverter to the decedent; and upon that conception argues that, as in *Stephen Peabody*, 24 B. T. A. 787, there was no transfer to take effect in possession or enjoyment at or after death. We are, however, of opinion that the respondent has correctly held that, in respect of trusts A to F, there was occasioned by the decedent's death a transfer of an interest in the trust *res*—a shifting of the economic benefits of the property which is the subject of the tax, *Reinecke* v. *Northern Trust Co.*, 278 U. S. 339. While this case is unlike *Klein* v. *United States*, 283 U. S. 231, in which the fee and remainder had not been transferred, but was withheld until the grantor's death, the same statutory provision is none the less applicable here, because there was likewise a retention by the grantor of an interest in the property by virtue of which its possession and enjoyment were withheld from any other until his death. It was only then that the transfer of possession or enjoyment of the corpus could take effect; and this and not the transfer of the fee or title determines the inclusion in the gross estate. It is true that by the creation of the trusts, and thus prior to decedent's death, the several beneficiaries acquired an interest; but such interest was no different from or greater than the interest retained by the decedent. Each was a potential survivor of the other, and neither could possess or enjoy except by such survivorship. Whatever such interest may be called, the decedent's death was the occasion upon which it became effective in possession as to the beneficiary. It was not as if all passed immediately to the beneficiary, subject to repassing upon his death before the grantor, as in the *Peabody* case. By the same token, all was retained by the grantor, subject to the beneficiary's right of survivorship. The mutual condition is no more subsequent on the one hand than precedent on the other. The statute, however, overrides the ancient terminology, and imposes the tax upon the taking effect of possession or enjoyment; and there is no doubt that none of the beneficiaries of trusts A to F, inclusive, could possess or enjoy the corpus until the grantor's death. The values of such properties were therefore correctly held by the respondent to be within the gross estate by virtue of subdivision (c) of section 302. *Sargeant* v. *White*, 50 Fed. (2d) 410; *Union Trust Co. of Detroit* v. *United States*, 54 Fed. (2d) 152. There is, in our opinion, nothing in the statute in its application to these trusts which is in contravention of

the Constitution, *Phillips* v. *Dime Trust & Safe Deposit. Co.*, 284 U. S. 160.

By the terms of trust G, the decedent retained no interest whatever in the corpus, and there is nothing which can be found within the terms of subdivision (c) of section 302. The respondent urges that subdivision (d) is also applicable because the grantor had the power with the trustee to make changes in the trust. He demands a literal construction of the statute. By the very terms of the trust, the power to change, which exists jointly with the trustee, excludes the power to revoke, which in a separate provision requires the consent of the beneficiary. The latter provision, taken alone, would keep the property out of the gross estate, *Reinecke* v. *Northern Trust Co., supra; Erskine* v. *White,* 47 Fed. (2d) 1014; *Logan* v. *Denman* (Dist. Ct., No. Ohio, W. Div., June 21, 1932) ; *William B. Kurtz Estate,* 22 B. T. A. 1377. We think that the power to change, read in its context, does not include the power to revest in the grantor any interest in the trust property, or to shift the essential economic benefit from the beneficiary without his consent. Thus reading the statute to accomplish its essential purpose, and reading the instrument in accordance with its plain intendment, the corpus of trust G must be omitted from the gross estate, *Reinecke* v. *Northern Trust Co.*, 278 U. S. 339.

*Judgment will be entered under Rule 50.*