In the Matter of the Estate of PERCY I. POWELL, Deceased.

Surrogate's Court, Kings County, June 14, 1933.

*Uderitz & Newman*, for Emma Adee Powell, individually and as executrix, etc., of Percy I. Powell, deceased.

*Harry M. Peyser*, for the respondent, State Tax Commission.

WINGATE, S. This is an appeal by the executrix of this estate from a *pro forma* order of this court made on December 14, 1932, assessing a tax of $210.97 on the basis of the report of the appraiser previously appointed.

It is the contention of the appellant that at the time of his death on January 8, 1931, the decedent, who for approximately thirty years had been the president of the Garfield Tea Company, was possessed of assets of only $446.88, this in the form of a one-half interest in a bank account carried jointly in his name and that of his wife, the executrix, in the Chemical Bank and Trust Company.

His debts aggregated $353.50, and the funeral and administration expenses, as sworn to by the widow-executrix, and allowed by the appraiser, aggregate $1,646.81. In other words, it is the contention of the appellant that the estate is insolvent by the amount of $1,553.43. If this is, indeed, the true situation it appears somewhat remarkable that the widow should be willing to pay $1,000 for the estimated '' Lawyer's fees and disbursements '' which she has included in her verified schedules.

The explanation of the anomaly lies in the fact that at the time of decedent's death there were 595 shares in nineteen different corporations and fourteen $1,000 bonds of four corporations in a safe deposit box rented in the joint names of the decedent and the executrix-widow. The certificates for all of these stocks stood in the name of the decedent but were indorsed in blank by him and witnessed by the widow.

It is the claim of the widow that all of these securities were given her by outright gift by the decedent from time to time between November, 1921, and November, 1929. It appears, however, from her affidavit that " the dividends from said shares of stock and the coupons from the bonds were received by said " decedent " until February 9, 1929, when the dividends and the proceeds from the bond coupons were deposited in the joint account."

In her testimony (pp. 7, 8, 9) the widow stated categorically that she and her husband " intended all the property which he owned to be jointly owned " by her; that they were " equal partners in ownership " and that " the property endorsed in blank was " not " to exclude him forever from ownership." This testimony definitely and wholly negatives the claim of the appellant that there was a complete and outright gift in præsenti to her of these securities, for the simple and sufficient reason that there was no intent to make such an absolute gift, without which it cannot be accomplished. (Matter of Dunne, 136 Misc. 250, 251; affd., 232 App. Div. 831.)

The intention of the parties in the transaction is entirely obvious. They were the sole units of a harmonious family. They wished to own all property in common with the understanding that the survivor should take all. This was all they intended to accomplish and all they did accomplish. It was proper and laudable. On the death of one of them, complete ownership vested for the first time in the other.

The difficulty respecting the transaction for present purposes, however, lies in the fact that the laws of this State continuously since 1916, have imposed a tax upon such transfers, the presently effective enactment being section 249-r of the Tax Law.

That the alteration of the form of the applicable tax does not constitute an infringement of constitutional guaranties where another tax of a similar nature was in force at the time of the transaction in question, has been repeatedly determined. (*Matter of Schreijack*, 146 Misc. 880, 882; *Phillips* v. *Dime Trust & Safe Deposit Co.*, 284 U. S. 160, 166; *Milliken* v. *United States*, 283 id. 15, 23, 24; *Tyler* v. *United States*, 281 id. 497; *Gwinn* v. *Commissioner*, 53 Sup. Ct. 157; *Third National Bank & Trust Co.* v. *White*, Id. 290.)

It follows that the action of the appraiser in including the jointly held property in the gross estate was proper, and that the appeal must be dismissed. Proceed accordingly.