ESTATE OF HOUNSELL: HOUNSELL, Administrator, Appellant, vs. DEPARTMENT OF TAXATION, Respondent.*

*January 13—February 17, 1948.*

* Motion for rehearing denied, without costs, on June 9, 1948.

*A. D. Sutherland* of Fond du Lac, for the appellant.

For the respondent there was a brief by the *Attorney General, Harold H. Persons,* assistant attorney general, and *Neil*

*Conway,* inheritance tax counsel, and oral argument by *Mr. Persons* and *Mr. Conway.*

A brief was filed as *amicus curiæ* by *J. G. Hardgrove* of Milwaukee.

FAIRCHILD, J.    The title to the real and personal property involved in this appeal was so fixed as to make E. J. Hounsell and his wife joint tenants and to bring the property, for inheritance-tax purposes, under the terms of sec. 72.01 (6), Stats. 1945.   The language of that statute is clear.   It provides that whenever property is held in the joint names of two persons, upon the death of one, the right of the survivor to the immediate ownership of the property shall be deemed a transfer of one half the property, taxable in the same manner as though the property had belonged to the parties as tenants in common and had been bequeathed or devised to the surviving party by the deceased.

The appellant contends that there was no taxable interest to pass on Nellie Hounsell's death because she had no actual interest in the property.   She had not bought an interest in it, and no gift had been made to her of a one-half interest.   To show that no valid gift had been made to her, appellant cites a number of cases which are to be distinguished from the one at bar.   In *Marshall & Ilsley Bank v. Voigt* (1934), 214 Wis. 27, 252 N. W. 355, and *Estate of Krause* (1942), 241 Wis. 41, 4 N. W. (2d) 122, bank deposits in joint accounts were involved.   In each case there was a claim by the estate of the deceased that the deposit belonged to the estate rather than to the joint holder of title to the account, and in each case this court held that there had been no valid gift of the account by the deceased to the other party whose name appeared on the account.   In the *Marshall & Ilsley Bank Case* it was found that the accounts were carried in the joint names solely for the convenience of the deceased in handling the fund, and in the *Krause Case* the purpose of carrying the joint bank account was to secure additional deposit protection.   In *Estate of Staver* (1935), 218 Wis. 114, 260 N. W. 655, this court

held that a joint payee of a certificate of deposit took title by survivorship in the absence of clear and satisfactory evidence that would warrant affecting the legal title with a trust. In none of these cases concerning the question of joint ownership was there an inheritance-tax problem involved. None of these cases arose under sec. 72.01 (6), Stats. Like those cases, the one at bar does involve joint bank accounts. Here, however, those joint bank accounts are part of an evident pattern or policy of joint ownership by the husband and wife of their property. Unlike those cases, this one involves real estate, real-estate mortgages, and a note, in addition to the bank deposits. No special reason for keeping the bank accounts in the joint names appears to justify treating them differently from the other property jointly owned. There is no evidence to justify holding that Nellie Hounsell held her half interest in trust for her husband. As the trial judge said in his decision:

"The title to all of this property is in their joint names of record, and E. J. Hounsell takes title thereto as the surviving joint tenant. The only way he could avoid taking title in this way would be by some proceeding in court against the estate of his deceased wife to have the deeds, assignments, mortgages, reformed to conform to what he claims is the true intent of the parties, or to declare that Nellie Hounsell held an undivided one half of the property during her lifetime in trust for said E. J. Hounsell."

A discussion of additional cases cited by the appellant, dealing with the law of gifts, is unnecessary since none of them involves joint tenancy. *Will of Mangan* (1925), 185 Wis. 328, 200 N. W. 386; *Estate of Ogden* (1932), 209 Wis. 162, 244 N. W. 571; *Madison Trust Co. v. Skogstrom* (1936), 222 Wis. 585, 269 N. W. 249; *Tucker v. Simrow* (1946), 248 Wis. 143, 21 N. W. (2d). 252.

The terms of the statute involved here leave no room for questioning from where the interest of each of the parties came.

It states the rule as affecting cases of this character, and the only exception which exists in favor of a surviving tenant is where the joint title has come into being under, and is a part of, a transaction clearly indicating a trust relation or the existence of an agency only. Otherwise, all that is needed to set the statute in motion is to have property in the joint names of the parties. When that is the case and one of the parties dies, the right of the other to the whole "shall be deemed a transfer of one half . . . thereof." The order including for inheritance-tax purposes one half of the property held in the joint names of E. J. and Nellie Hounsell must therefore be affirmed.

Objection was raised at the hearing to testimony of E. J. Hounsell on the ground that it constituted evidence of transactions with the deceased. The trial court heard the testimony subject to the objection. In its decision the court held that E. J. Hounsell was incompetent to testify as to any transactions with the deceased and the evidence involving the same was thereby rejected. A brief of *amicus curiæ* presented on this appeal makes the persuasive argument that sec. 325.16, Stats. 1945, ought not render an heir, legatee, devisee, or donee incompetent to testify in an inheritance-tax hearing. That statute provides:

"No party or person in his own behalf or interest, and no person from, through or under whom a party derives his interest or title, shall be examined as a witness in respect to any transaction or communication by him personally with a deceased or insane person in any civil action or proceeding, in which the opposite party derives his title or sustains his liability to the cause of action from, through or under such deceased or insane person, or in any action or proceeding in which such insane person is a party prosecuting or defending by guardian, unless such opposite party shall first, in his own behalf, introduce testimony of himself or some other person concerning such transaction or communication, and then only in respect to such transaction or communication of which testimony is so given or in respect to matters to which such testimony relates.
. . ."

It is suggested that the cause of action in cases like this is based upon the claim of the state to recover inheritance taxes and that that cause of action arises from the state's power to tax and not from the deceased.

We recognize that this rule of evidence, set forth in sec. 325.16, Stats., may exclude evidence that might promote rather than impede justice. Nevertheless, in applying that statute to the facts of this case, we conclude that the trial court made the proper ruling. By claiming that no interest passed on Nellie Hounsell's death, E. J. Hounsell is in effect seeking to reform the evidences of title. Were he to attempt that in any other type of proceeding, he would clearly be incompetent to testify as to any transactions with his deceased wife. Inasmuch as the same result is sought in this proceeding, it is considered that the same rule of evidence should apply.

Because all material facts are before the court without consideration of the inventory we find no reason to hold, as appellant suggests, that the inventory was not properly before this court on appeal.

*By the Court.*—Order affirmed.