DEPARTMENT OF TAXATION, Appellant, vs. BERRY, Respondent.

*February 6—March 6, 1951.*

For the appellant there were briefs by the *Attorney General, Harold H. Persons* and *E. Weston Wood,* assistant attorneys general, and *Neil Conway,* inheritance tax counsel, and oral argument by *Mr. Persons* and *Mr. Conway.*

For the respondent there was a brief by *Jeffris, Mouat, Oestreich, Wood & Cunningham,* and oral argument by *Otto A. Oestreich* and *Robert C. Lovejoy,* all of Janesville.

GEHL, J. This appeal presents a very narrow question. It is sought by the Department of Taxation to collect a tax imposed by sec. 72.75, Stats., the tax on transfer by gift.

In determining the issue we must observe the rule, "universal in its application, that a tax cannot be imposed without clear and express language for that purpose." *Wadhams Oil*

*Co. v. State,* 210 Wis. 448, 459, 245 N. W. 646, 246 N. W. 687.

If the deposits or any part thereof made by Earl E. Berry to the credit of himself and his wife were or can be considered to have been gifts to his wife they are taxable as such.

A transfer is not a gift when the transferor retains control and dominion of the subject of the transfer. *Darling v. Mattoon State Bank,* 189 Wis. 117, 207 N. W. 254; *Estate of Sense,* 206 Wis. 89, 238 N. W. 811; *Ingram v. State,* 236 Wis. 449, 295 N. W. 749.

A gift is also defined in the provisions of sec. 72.76, Stats., which impose the gift tax. Sub. (7) provides:

"A gift shall be complete for tax purposes when the donor has divested himself of all beneficial interest in the property transferred and has no power to revest any such interest in himself or his estate."

That a so-called joint bank account is generally recognized to be subject to withdrawal in whole or in part by either of the creditors is not disputed by the department; that the legislature assumed that to be the right of Mr. Berry is indicated by the provisions of sec. 221.45, Stats.:

"When a deposit has been made or shall hereafter be made, in any bank, trust company bank, or mutual savings bank transacting business in this state in the names of two persons, payable to either, or payable to either or the survivor, such deposit, or any part thereof, or any interest or dividend thereon, may be paid to either of said persons whether the other be living or not; and the receipt or acquittance of the person so paid shall be a valid and sufficient release and discharge to the bank for any payment so made."

That such right to withdraw existed in the instant case is evidenced by the testimony of Mrs. Berry. She testified that she had full power to withdraw all or any part of the accounts and that under their arrangement her husband might also have done so. This—the right in either Mr. or Mrs. Berry

to withdraw any part or the whole of the deposit at his or her pleasure—rendered the transfers revocable. Mr. Berry did not part with control of the funds or credits. The deposits were not gifts.

The situation here presented is not to be compared with the case in which a deed is given by a husband conveying title to real estate to himself and his wife as joint tenants. By the deed the husband makes an irrevocable transfer—a true gift. He can reacquire what he has transferred to his wife only by means of her reconveyance or by her death. Here, as has been pointed out, Mr. Berry by their arrangement and by operation of law might have reacquired sole ownership and control of the credits at any time and even without his wife's consent or knowledge.

*By the Court.*—Judgment affirmed.