ESTATE OF ATKINSON: ATKINSON, Executor, Appellant, vs. DEPARTMENT OF TAXATION, Respondent.*

*April 8—May 6, 1952.*

* Motion for rehearing denied, without costs, on June 20, 1952.

482

*A. D. Sutherland* of Fond du Lac, for the appellant.

For the respondent there was a brief by the *Attorney General* and *Harold H. Persons,* assistant attorney general, and *Neil Conway,* inheritance tax counsel, and oral argument by *Mr. Persons* and *Mr. Conway.*

BROADFOOT, J.  The appellant contends that his testimony is competent and that it establishes the fact that there was no joint tenancy as to either the real estate or the government bonds. This testimony is immaterial and the county court was correct in giving it no consideration.* ·

It is difficult to see how he is aggrieved by the order determining that the property in the two names was held by the parties as joint tenants. This order terminates the joint tenancy and makes him the sole owner thereof. That, in effect, is what he is claiming. If he is aggrieved, it is by the order determining that said property was subject to an inheritance tax under the provisions of sec. 72.01 (6), Stats. This statute, so far as it is pertinent in this case, reads as follows:

"(6) *Joint interests.* Whenever any property, real or personal, is held in the joint names of two . . . persons, . . . upon the death of one of such persons the right of the surviving . . . person . . . to the immediate ownership or possession and enjoyment of such property shall be deemed a transfer of one half . . . thereof taxable under the provisions of this chapter in the same manner as though the property to which such transfer relates . . . had been bequeathed or devised to the surviving . . . person . . . by will."

* For deletions, see the memorandum on motion for rehearing, post, p. 484. REPORTER.

This case is governed by *Estate of Hounsell,* 252 Wis. 138, 31 N. W. (2d) 203. In that case the appellant attempted to show that the deceased wife had no actual interest in the property, either through purchase or contribution, and that no gift had been made to her. Neither that case nor the present one is a gift-tax case. The statute is entirely different than that applicable to the tax on gifts. An inheritance tax is not a tax upon property or property rights, but is an excise tax levied upon the transfer or transaction, and the amount of the property involved is used merely as a measure of the amount of the tax.

In *Estate of Hounsell, supra* (p. 143), the court made this statement: ". . . all that is needed to set the statute in motion is to have property in the joint names of the parties." In view of this interpretation of the statute the county court was correct in determining that an inheritance tax was due. The computation of the tax is not challenged.

*By the Court.*—The orders are affirmed.

The following memorandum was filed June 20, 1952:

BROADFOOT, J. (*on motion for rehearing*). Upon motion for rehearing, the appellant contends that the doctrine of estoppel should not have been invoked in this case for the reason that it was not briefed or argued. He further contends that equitable estoppel cannot be invoked by the respondent, not a party to the transaction nor a privy of any of the parties, and further that no showing is made that the respondent acted to its detriment because of any representations made by or conduct of the appellant.

It is true that this question was not briefed or argued. What was said in the opinion in regard thereto was not necessary to a determination of the case, and until the question is duly presented we will withdraw all reference to estoppel in the opinion. Therefore, the following portion of the opinion is hereby deleted:

Beginning with the last sentence in the first paragraph of the body of the opinion, "The testimony is an attempt to impeach the documents under which he claims title," and continuing through the next three paragraphs, concluding with the sentence "He took his chance and is now estopped from denying the consequences of his own acts."

*By the Court.*—Motion for rehearing is denied without costs.