Fairchild, J.
 

 The parties evidently agree that any differences between the bank accounts and bonds are immaterial upon this appeal and that they were alike in that, while decedent and his wife were living, either had power, without the consent of the other, to withdraw the deposits, or collect the bonds, and that after the death of either the survivor could do so.
 

 Respondents, the administrators and the widow, contend that the inheritance tax to be imposed with respect to the property involved on this appeal is to be determined solely by applying sec. 72.01 (6), Stats., entitled “Joint Interests,” and the county court so decided. The state contends that when decedent deposited the funds in the joint names of himself and his wife, a transfer occurred which was intended to take effect in possession or enjoyment at his death, and that such transfer was taxable under sec. 72.01 (3) (b) ; that sec. 72.01 (6) does not restrict the application of sec. 72.01 (3); and that, in any event, the creation of the joint interests within two years prior to decedent’s death constituted transfers in contemplation of death, taxable under sec. 72.01 (3) (a).
 

 
 *87
 
 Sec. 72.01 (6), Stats., provides:
 

 “Whenever any property, real or personal, is held in the joint names of two or more persons, or as tenants by the entirety, or is deposited in banks or other institutions or •depositaries in the joint names of two or more persons and payable to either or the survivor, upon the death of one of such persons the right of the surviving tenant by the entirety, joint tenant or joint tenants, person or persons, to the immediate ownership or possession and enjoyment of such property shall be deemed a transfer of one half or other proper fraction thereof taxable under the provisions of this chapter in the same manner as though the property to which such transfer relates belonged to the tenants by the entirety, joint tenants or joint depositors as tenants in common, and had been bequeathed or devised to the surviving tenant by the entirety, joint tenant or joint tenants, person or persons, by such deceased tenant by the entirety, joint tenant or joint depositor, by will.”
 

 Sec. 72.01 (3) (b), Stats., provides:
 

 “When a transfer is of property, made without an adequate and full consideration in money or money’s worth by a resident or by a nonresident when such nonresident’s property is within this state, or within its jurisdiction, by deed, grant, bargain, sale, or gift, intended to take effect in possession or enjoyment at or after the death of the grantor, vendor, or donor, including any transfer where the transferor has retained for his life or for any period not ending-before his death: 1 the possession or enjoyment of, or the right to the income, or to economic benefit from, the property, or 2 the right, either alone or in conjunction with any person, to alter, amend, revoke, or terminate such transfer, or to designate the beneficiary who shall possess or enjoy the property, or the income, or economic benefit therefrom.”
 

 1.
 
 Whether sec. 72.01 (3) (b), Stats., can apply to deposit in joint names.
 
 We shall first consider the question whether sub. (3) (b) is applicable to a deposit of the money
 
 *88
 
 of decedent in a bank in the joint names of decedent and another, payable to either or the survivor, with the intention that each should have the right to withdraw at will before or after the death of the other.
 

 Nothing in sub. (6) suggests that its operation on bank deposits in joint names is to be affected in any way by the original ownership of the deposited funds. Sub. (6) quite clearly provides for a tax upon the event of survivorship, and specifies that survivorship shall be deemed a taxable transfer of one half, or other proper fraction of the amount on deposit. A claim by the survivor that he supplied all the funds on deposit in joint names has been held to be immaterial; a taxable transfer of one half or other proper fraction is deemed to have occurred at the death of the one dying first, even if that one never deposited any of his own funds in the account.
 
 Estate of Hounsell
 
 (1948), 252 Wis. 138, 31 N. W. (2d) 203;
 
 Estate of Atkinson
 
 (1952), 261 Wis. 481, 53 N. W. (2d) 185, 54 N. W. (2d) 52. Upon like reasoning, a claim by the state that the survivor supplied none of the funds is immaterial, and under sub. (6) a taxable transfer of one half is deemed to have occurred.
 

 The state points out, however, that no words in sec. 72.01 (6), Stats., say that sub. (3) (b) does not apply to a deposit of decedent’s funds in the joint names of himself and another. We conclude that sub. (6) does exclude the operation of sub. (3) (b) in this situation.
 

 The Inheritance Tax Law, as enacted by ch. 44, Laws of 1903, did not expressly impose a tax with respect to property held by a decedent in joint tenancy with others. It did contain language, the forerunner of sub. (3) (b), imposing a tax upon a transfer intended to take effect in possession or enjoyment at or after the death of grantor. It was then at least doubtful whether the law imposed any tax with respect to property held by a decedent in joint tenancy.
 

 
 *89
 
 In theory, each joint tenant acquired all his rights in and to the property (including the right to possession and enjoyment) upon the creation of the joint tenancy; the death of the joint tenant who died first terminated his own rights, but did not confer a new right upon the survivor. See analysis in
 
 Estate of Tilley
 
 (1915), 151 N. Y. Supp. 79, 109 N. E. 1094. As put by one court, at the death of one cotenant, the survivor “is merely relieved thereby from the further interference of the cotenant.”
 
 Estate of Gurnsey
 
 (1918), 177 Cal. 211, 216, 170 Pac. 402, 404. Under the 1903 enactment, there could be no tax with respect to property held by a decedent in joint tenancy unless the transfers involved in its creation could be said to be transfers intended to take effect in possession or enjoyment at or after the death of the grantor.
 

 In 1917, the attorney general asserted that the “pecuniary benefit which results to [the survivor] by the death of a joint tenant is not subject to the Inheritance Tax Law.” He stated that the tax commission had placed that construction upon the law and referred to legislation then pending to change the result. 6 Op. Atty. Gen. 379.
 

 The legislation referred to was ch. 322, Laws of 1917, which created sec. 72.01 (6), Stats., in its present form. While the attorney general did not consider the problem of bank deposits in joint names, it is significant that sub. (6) dealt with such deposits in exactly the same manner as with joint tenancies in real estate and other property. This specific provision for taxation with respect to bank deposits upon the event of survivorship as if a transfer of a fraction then occurred is inconsistent with the theory that a deposit of money of decedent in the joint names of himself and another had previously been and continued after enactment of sub. (6) to be taxable as a transfer to take effect in possession or enjoyment at or after death. If sub. (3) (b) has
 
 *90
 
 always been applicable to the deposit of one’s money in a joint bank account, it would produce a tax different from the tax imposed by sub. (6) in every case except where the contributions made by joint depositors are equal, or cannot be determined. Where the contributions are equal, sub. (3) (b) would produce the same tax as sub. (6).
 

 2.
 
 Consideration of the Berry Case.
 
 In arguing that a deposit of decedent’s funds in the joint names of himself and another is a transfer intended to take effect in possession or enjoyment at or after death, the state relies heavily upon
 
 Department of Taxation v. Berry
 
 (1951), 258 Wis. 544, 46 N. W. (2d) 757, deciding that where one deposits his own funds in the joint names of himself and his wife, the transfer is not taxable under secs. 72.75 to 72.81, Stats., as a completed gift because the husband had the power to withdraw all the money and revoke the gift. The argument is that if this be true, the deposit was a transfer intended to take effect in possession or enjoyment at or after death, or at least should be so treated if the noncontributing cotenant did not exercise her right to withdraw during the life of the one who deposited the money.
 

 The state does not ask us to overrule the
 
 Berry Case
 
 and has not sought to collect a gift tax upon the deposits made by Mr. Simonson. We do not deem it necessary to reexamine the
 
 Berry
 
 decision here, except to comment that there may be an inconsistency between it and
 
 Estate of Schley
 
 (1955), 271 Wis. 74, 72 N. W. (2d) 767, where it was held that the power of a wife who deposited her funds in the joint names of herself and her husband to withdraw all of them from the bank did not give her the right to destroy her husband’s interest therein by withdrawing them from the joint account and depositing them in her own name. But in any event, the court in deciding the
 
 Berry Case
 
 was
 
 *91
 
 concerned with the Gift Tax Law and not the Inheritance Tax Law.
 

 3.
 
 Apparently no limitation here on right of wife to withdraw.
 
 As previously stated, we have considered whether sec. 72.01 (3) (b), Stats., can apply to a deposit of the money of decedent in a bank in the joint names of decedent and another, payable to either or the survivor,
 
 with the intention that each should have the right to withdraw at will before or after the death of the other.
 
 We assume (except with respect to the deposits within two years prior to Mr. Simonson’s death) that the deposits involved in this case are of the type referred to. We observe, however, that it has been recognized that bank deposits which are joint in form may be shown to be property of one of the parties where the other party’s apparent joint interest is only that of a trustee or agent.
 
 Estate of Hounsell, supra,
 
 page 143. We observe further that in cases in which the application of the Inheritance Tax Law was not in issue, decisions suggest that the true character of the interest of persons in whose joint names funds are deposited is dependent primarily upon the intention of the depositor.
 
 Kelberger v. First Federal Savings & Loan Asso.
 
 (1955), 270 Wis. 434, 71 N. W. (2d) 257;
 
 Zander v. Holly
 
 (1957), 1 Wis. (2d) 300, 84 N. W. (2d) 87; cf.
 
 Estate of Schley, supra.
 
 Whether sub. (3) (b), rather than sub. (6) would apply to a bank deposit by a decedent in the names of himself and another where the other was unaware of his apparent right to withdraw or where the other bound himself not to withdraw during the life of decedent need not be decided in this case. In the present case it is stipulated that Mr. Simonson collected, reported, and paid tax upon all the income. The state has not claimed that these facts establish that Mrs. Simonson was not free to use her apparent power to withdraw during Mr. Simonson’s life.
 

 
 *92
 
 4.
 
 Transfer in contemplation of death.
 
 Sec. 72.01 (3) (a), Stats., provides:
 

 “When the transfer is of property, made by a resident or by a nonresident when such nonresident’s property is within this state, or within its jurisdiction, by deed, grant, bargain, sale, or gift, made in contemplation of the death of the grantor, vendor, or donor. Every transfer by deed, grant, bargain, sale, or gift, made within two years prior to the death of the grantor, vendor, or donor, of a material part of his estate, or in the nature of a final disposition or distribution thereof, and without an adequate and full consideration in money or money’s worth, shall, unless shown to the contrary, be deemed to have been made in contemplation of death within the meaning of this section.”
 

 There are no facts to rebut the presumption that the deposits, totaling $93,826.15, made within two years prior to Mr. Simonson’s death, were made in contemplation of death, if sec. 72.01 (3) (a), Stats., can be applicable to deposits of this type.
 

 We conclude that sec. 72.01 (3) (a), Stats., can apply to the transfer involved when a decedent has deposited his own funds in the joint names of himself and another in contemplation of death. Sub. (3) (a) does not collide or conflict with sub. (6) except in the limited class where the joint tenancy existing at the death of a decedent results from a transfer in contemplation of death. While sub. (6) provides the general rule for inheritance taxation with respect to property held in joint names, sub. (3) (a) provides a rule for a special class of circumstances. No reason appears why the legislature should have favored the transfer of property into joint names in contemplation of death over other types of transfers with the same motive. The general rule should yield to the specific rule to the extent necessary to accomplish the legislative purpose.
 

 
 *93
 

 By the Court.
 
 — In so far as the order appealed from denied application of sec. 72.01 (3) (b), Stats., to the bonds and bank accounts in joint names, it is affirmed. In so far as it denied application of sec. 72.01 (3) (a) thereto, it is reversed, and the cause remanded with instructions to adjust the order so as to be consistent with the opinion filed herein.
 

 Hallows, J., took no part.