STERN, Respondent, v. DEPARTMENT OF REVENUE, Appellant.*

*No. 331.   Submitted under sec. (Rule) 251.54 April 3, 1974.—Decided May 7, 1974.*
(Also reported in 217 N. W. 2d 326.)

---

* Motion for rehearing denied, with costs, on June 28, 1974.

508

The cause was submitted for the appellant on the briefs of *Robert W. Warren,* attorney general, and *E. Weston Wood* and *Allan P. Hubbard,* assistant attorneys general, and for the respondent on the brief of *O'Melia, Kaye & Melby, S. C.,* attorneys, and *Clarence J. Simon* of counsel, all of Rhinelander.

BEILFUSS, J.   The facts and legal issues of this case are strikingly similar to those in our recent decision in *Skaar v. Department of Revenue* (1973), 61 Wis. 2d 93, 211 N. W. 2d 642, certiorari denied, 94 Sup. Ct. 1611, 40 L. Ed. 2d 111. Although the writer of this opinion and Mr. Justice ROBERT W. HANSEN dissented, the majority opinion is the law of the case, controls here, and compels a reversal of the judgment of the trial court.

The only significant differences between the two cases are that the present action involves an interior decorating business and *Skaar* involved a farming operation, and that here respondent claims reliance on his accountant and in *Skaar* reliance was on the attorney. In both cases:

"The sole issue is whether the Wisconsin tax appeals commission erred in affirming the Department of Revenue's denial of the taxpayer's application for abatement of the additional income tax assessment by concluding that, as a matter of law, no bona fide partnership existed." *Skaar, supra,* page 97.

In *Skaar,* this court stated at pages 98, 99:

"Since Wisconsin has adopted the Uniform Partnership Act, we must initially look there for guidance. Sec. 178.03 (1), Stats., defines a partnership as an 'association of 2 or more persons to carry on as co-owners a business for profit.' More specifically, it is recognized

that four elements need be met so as to qualify as a partnership. Initially, the contracting parties must intend to form a bona fide partnership and accept the legal requirements and duties emanating therefrom. Secondly, there must exist a community of interest in the capital employed. Thirdly, there must be an equal voice in the management of the partnership. Finally, there must be a sharing and distribution of profits and losses. Applying these elements to the case at bar, we hold that a bona fide partnership was not created. While the taxpayers may have desired to create a marital financial relationship similar to a partnership, it is clear they did not intend to create a bona fide partnership."

Similarly, applying the facts in the present case, we are forced to reach the same conclusion.

The record shows that respondent and his wife had a very close relationship and that they carried over this relationship into the business operation. This relationship, however, stems from their marriage and their desire to hold all property jointly and not from any business motive. This is not sufficient to satisfy the law, as this court held in *Skaar, supra.*

In *Anderson v. Anderson* (1972), 54 Wis. 2d 666, 669, 196 N. W. 2d 727, this court stated:

"The burden of proving the existence of a partnership rests with respondent. *Morris v. Resnick* (1955), 268 Wis. 410, 415, 67 N. W. 2d 848. Sec. 178.03 (1), Stats., defines the term partnership as 'an association of 2 or more persons to carry on as co-owners a business for profit.' The receipt of a share of those profits is deemed prima facie evidence that a person is a partner in the business. Sec. 178.04 (4). However, under sec. 178.04 (2), a partnership will not be implied merely because of common ownership of property, whether or not profits are shared by the co-owners. *Schleicker v. Krier* (1935), 218 Wis. 376, 379, 261 N. W. 413. As stated in 68 C. J. S., *Partnership,* p. 435, sec. 20 c (2):

" 'A mere community of interest in property, such as exists between tenants in common or joint tenants of real or personal property, does not make such owners part-

ners or raise a presumption that a partnership exists, and this is so even though they cooperate in making improvements on their property and in realizing and sharing the profits or the losses and expenses arising therefrom.

" 'The adoption of an assumed name, as a convenient mode of designating all the joint owners, in transactions relating to the common property, does not change the legal relationship of the several owners, with respect to the common property, from a tenancy in common to one of partnership. . . .' "

*By the Court.*—Judgment reversed.