IN RE ESTATE OF KERSTEN, a/k/a Lester C. Kersten, deceased: WISCONSIN DEPARTMENT OF REVENUE, Appellant, v. KERSTEN, Respondent.*

*No. 74 (1974). Submitted on briefs February 2, 1976.—*
*Decided March 2, 1976.*
(Also reported in 239 N. W. 2d 86.)

---

* Motion for rehearing denied, without costs, on May 4, 1976.

758

For the appellant the cause was submitted on the briefs of *Bronson C. La Follette,* attorney general and *E. Weston Wood,* assistant attorney general.

For the respondent the cause was submitted on the brief of *Tinkham, Smith, Bliss, Patterson & Richards* of Wausau.

ROBERT W. HANSEN, J.   The sole issue here is: Did the trial court err in concluding that one-half of the jointly owned property should be excluded from the state for inheritance tax purposes?

The answering of such single question involves the interpretation and application of sec. 72.12 (6), Stats., which controls and governs the taxation of survivorship interests for inheritance tax purposes.   That section provides:

"(6) SURVIVORSHIP INTERESTS. (a) *Rule.* When property is held in the names of 2 or more persons with the right of survivorship, upon the death of one of the persons.   Transfer of the full clear market value of the entire property is subject to this subchapter.

"(b) *Exceptions. If* the property or the consideration with which it was acquired, or any part of either, is shown to have *originally belonged to the survivor* and never to have been received *or acquired* by him from the decedent for less than adequate and full consideration *in money or money's worth,* the transfer of the property or the part originally furnished by the survivor is not taxed. If the property was acquired by gift, bequest, devise or inheritance by the decedent and any other person, the taxable portion is determined by dividing the clear market value of the property by the number of owners, unless the instrument creating this ownership creates interests in a different proportion." (Emphasis supplied.)

Prior to the enactment of this statute in its present form,[1] an inheritance tax in this state was automatically assessed on one-half the value of property held by a person in joint tenancy at the time of his death.[2] Under the older version of the statute, now replaced, the joint tenants' respective contributions to the acquisition of the subject property was immaterial.[3] Only where the survivor could show that the joint title came into being under a transaction clearly indicating a trust relation or the existence of an agency involving the deceased joint tenant was an exception to the statute recognized.[4]

The new survivorship statute, enacted in 1971, clearly changes the manner in which survivorship interests are to be taxed for inheritance tax purposes.[5] The new general rule, as stated in the newer sec. 72.12 (6) (a), Stats., is that, when one owner of property held under

[1] Ch. 310, Laws of 1971.

[2] *See:* Sec. 72.01 (6), Stats. 1969, repealed and replaced in 1971.

[3] *See: Estate of Atkinson* (1952), 261 Wis. 481, 53 N. W. 2d 185, 54 N. W. 2d 52; *Estate of Simonson* (1960), 11 Wis. 2d 84, 104 N. W. 2d 134.

[4] *See: Estate of Hounsell* (1948), 252 Wis. 138, 31 N. W. 2d 203.

[5] *See:* Sheedy and Sullivan, *Nature of Cotenancies and Their Taxation—Death and Gift,* 56 Marq. L. Rev. 3, 33–36 (1972).

right of survivorship dies, the entire value of the jointly held property is subject to the inheritance tax. Only two exceptions to such taxation of the whole property are recognized. One deals with property acquired by gift or bequest, and is not here applicable. The other is the source of the controversy here. It excludes from taxation that part of the joint property which is shown to have originally belonged to the survivor and never to have been ". . . acquired by him from the decedent for less than adequate and full consideration in money or money's worth. . . ."[6] So the issue in this case narrows to whether Doris Kersten's personal services on the family-operated farm constituted "consideration in money or money's worth" in return for her interest in the property jointly held by her and her husband.

The exception to tax liability as to property that originally belonged to or was acquired for consideration in money or money's worth comes to the revised sub. (6) from sec. 2040 of the Federal Internal Revenue Code. As there worded it reads as follows:

"SEC. 2040. JOINT INTERESTS.

"The value of the gross estate shall include the value of all property to the extent of the interest therein held as joint tenants by the decedent and any other person . . . *Provided,* that where such property or any part thereof, or part of the consideration with which such property was acquired, is shown to have been at any time acquired by such other person from the decedent for less than an adequate and full consideration in money or money's worth, there shall be excepted only such part of the value of such property as is proportionate to the consideration furnished by such other person. . . ."

The obvious patterning of the revised sub. (6) of the state statute after sec. 2040 in the Federal Code reflects an evident legislative intent on the part of our legislature

---

[6] Sec. 72.12 (6) (b), Stats.

". . . to tax the transfer of jointly held property in the same manner as the federal method."[7] With such the legislative intent—to have no dissimilarity between state and federal rules as to jointly held property—construction by the federal courts of the parallel federal provision —here sec. 2040—ought be given considerable weight.[8] Under the federal court construction of the Federal Code provision, in order to establish excludability, it must be proved that the part to be excluded was originally the survivor's or, if acquired from the decedent, was purchased for an adequate and full consideration in money or money's worth.[9] "Consideration in money or money's worth" is defined to be such consideration as is reduceable to a money value or is capable of being valued in terms of money.[10] It appears that, under the federal exemption provision, personal services can serve as consideration "in money's worth" in return for an acquisition of an interest in jointly held property.

Exactly such construction of the Federal Code provisions as to consideration in money or money's worth was given to sec. 2040 by the federal tax court in the *Estate of Everett Otte Case*.[11] In that case the evidence showed that through thirty-five years of marriage Lura and Everett Otte had worked as a "husband and wife team" in the management and operation of the family farming enterprise. With jointly held property acquired during the marriage having been paid for from farm earnings, the tax court held that the contributions in personal

---

[7] Ch. 310, Laws of 1971, at page 1246.

[8] *See: In re Adams Machinery, Inc.* (1963), 20 Wis. 2d 607, 123 N. W. 2d 558.

[9] *See: Phillips v. Dime Trust & Safe Deposit Co.* (1931), 284 U. S. 160, 167, 52 Sup. Ct. 46, 76 L. Ed. 220; *Tuck v. United States* (9th Cir. 1960), 282 Fed. 2d 405.

[10] *See:* Lowndes & Kramer, *Federal Estate and Gift Taxes* (2d ed. 1962), p. 300.

[11] (1972), 31 T. C. M. 301 (C. C. H. Dec. 31, 319 (M)).

service of the wife who kept the farm records and took an active part in the day-to-day operation of the farm ". . . fairly justifies a division of the property accumulated during her marriage to decedent for estate tax purposes within the purview of sec. 2040, *supra.*"[12] We agree with appellant department that this construction of the code provision by the tax court is not controlling, but we find it both plausible and persuasive. We follow it here. We agree with the trial court holding that the continuing contribution of Doris Kersten in services, industry and skills to operation of the farm enterprise constituted contribution "in money's worth" in the production of the joint income used to acquire the jointly held assets involved in the trial court's order. We further agree with the trial court and affirm its holding that Doris Kersten was entitled to credit for inheritance tax purposes for such contributions on her part to the jointly held property owned by her and her husband at the time of his death.

In urging a contrary construction of sec. 72.12 (6), Stats., the state department of revenue relies heavily upon two recent cases dealing with liability for state income taxes. The first is *Skaar v. Department of Revenue,*[13] finding no bona fide partnership in the husband-wife operation of a farm enterprise for income tax purposes.[14] The second is *Stern v. Department of Revenue,*[15] finding no partnership for income tax purposes in the operation by a married couple of an interior decorating business.[16] In both cases the test as to the existence of a bona fide partnership for income tax purposes was taken from the

[12] *Id.* at page 307.
[13] (1973), 61 Wis. 2d 93, 211 N. W. 2d 642.
[14] *Id.* at page 99.
[15] (1974), 63 Wis. 2d 506, 217 N. W. 2d 326.
[16] *Id.* at page 510.

Uniform Partnership Act.[17] We hold that this test applied for income tax purposes does not apply to contributions to jointly held property by a survivor for inheritance tax purposes. The *Skaar* decision made clear that "the personal income tax treatment of married individuals under the federal and Wisconsin tax provisions is dissimilar."[18] As to liability under sec. 72.12 (6) for inheritance tax purposes, we have held the legislative intent and result to be that the transfer of jointly held property is to be taxed in this state in the same manner as it is taxed under the federal code. Therefore, cases involving income tax liability do not control or apply to a surviving spouse seeking a determination of inheritance taxes due on property jointly held with the husband or wife who has passed away.

In its written decision the trial court found that Doris Kersten had "contributed substantially to the management and work and carrying out the duties of operating a farm." The trial court did not make a finding as to actual monetary value to be placed on the wife's services. The trial court's decision and order, in our opinion, do constitute a holding that the services of the wife constitute "adequate and full consideration in money or money's worth" for her interest in the jointly held property. We hold that to be sufficient, for once the initial determination of adequate contribution has been made,

[17] *Skaar v. Department of Revenue, supra,* footnote 13, at page 98, stating: "Since Wisconsin has adopted the Uniform Partnership Act, we must initially look there for guidance." (Referring to Ch. 178, Stats.)

[18] *Id.* at page 97, this court adding: "Under the federal system, married individuals are permitted to file a joint return and effectively split their income even though all income and deductions belong to only one spouse. Wisconsin, on the other hand, while permitting married individuals to file jointly, taxes each spouse individually on his income and deductions and income splitting is not allowed."

the value of the jointly held property to be taxed can be reduced to the extent of the survivor's interest or "share," here one-half of the jointly acquired and jointly held property involved in the trial court decision. We find this to be the approach used by federal courts in applying the similar provisions of sec. 2040, Federal Code.[19] We also find this an appropriate and proper approach to the application of the comparable state statute. We adopt it as to the application of sec. 72.12 (6), Stats., here. As it was for the trial court here, the threshold question for a trial court should be whether the services or contributions of the surviving spouse, taking into consideration their nature and extent, constitute adequate and full consideration in money or money's worth for such survivor's interest in the jointly held property. If they do, the value of the property for purposes of inheritance tax is to be reduced by one-half, assuming that there is, as here, the usual husband-wife joint tenancy involved. Given such threshold finding and such reduction in value taxable under sec. 72.12 (6), it is not necessary to place a monetary value on such services or contributions. In the case before us, we find the trial court determination that the wife had contributed substantially to the acquiring of the joint property acquired to be supported by the evidence. It is an affirmative answer to the question to be asked and it warranted the trial court in concluding, as it did, that "one-half of the assets owned jointly by the decedent and petitioner at the time of decedent's death originally belonged to the survivor and never were received or acquired by her from the decedent for less than adequate and full consideration in money or money's

[19] *See: Estate of Everett Otte, supra,* footnote 11; *Rogan v. Kammerdiner* (9th Cir. 1944), 140 Fed. 2d 569; *Richardson v. Helvering* (D. C. Cir. 1935), 80 Fed. 2d 548; *Berkowitz v. Commissioner of Internal Revenue* (3d Cir. 1939), 108 Fed. 2d 319; *Singer v. Shaughnessy* (2d Cir. 1952), 198 Fed. 2d 178.

worth within the meaning of sec. 72.12 (6) (b), except a certain parcel of real estate approximately 39.77 acres in size . . . and except a joint savings account at the Franklin Savings & Loan Association. . . ." The order of the trial court that the correct taxable estate is $60,326.07 and that the correct inheritance tax due from the petitioner, Doris Kersten, is $774.45 and that petitioner, Doris Kersten, is entitled to a refund of $2,911.01 is affirmed.

*By the Court.*—Order affirmed.