ESTATE OF SCHLEY: SCHLEY, Appellant, vs. ESTATE OF SCHLEY, Respondent.*

*October 10—November 8, 1955.*

* Motion for rehearing denied, with $25 costs, on February 7, 1956.

76

78

For the appellant there was a brief by *Lehner & Lehner* of Princeton, and oral argument by *Philip Lehner*.

For the respondent there was a brief by *Earl F. Kileen* of Wautoma, attorney, and *Benton, Bosser, Fulton, Menn & Nehs* of Appleton of counsel, and oral argument by *David L. Fulton*.

BROADFOOT, J. The appellant first contends that the respective properties of each party were placed in joint tenancy pursuant to a valid agreement and that said agreement should be specifically enforced. The trial court held that if the parties had ever made a joint agreement such agreement with reference to the real estate was rescinded by the reconveyance thereof to Bertha Schley. That appears without dispute. The appellant, however, contends that the reconveyance of the real estate was made in consideration of the execution of the joint will. The only testimony thereon was that given by the scrivener, who did not so testify. The joint will is not in the record, and presumably it has been destroyed. There is no evidence that there were any contractual provisions in the will itself, and a joint or mutual will lacking contractual elements may be revoked at any time by either testator in the same manner as other wills. There was a failure to prove any binding contract by the degree of proof necessary so far as the real estate was concerned.

As to the joint deposits in the Peoples Bank of Coloma a different situation is apparent. Prior to 1935, this court determined the rights of survivorship to funds deposited in his name and that of another according to the law of gifts. In 1935, in the case of *Estate of Staver*, 218 Wis. 114, 260 N. W. 655, this court adopted the contract rule. In that case it was held that delivery to the depositor of certificates of deposit payable to said depositor and a third person jointly

creates legal ownership in both of such joint payees directly and further transfers, such as delivery of the certificates by the depositor to such third person, are unnecessary to entitle the third person thereto by right of survivorship. For a review of that and later cases see *Kelberger v. First Federal S. & L. Asso.* 270 Wis. 434, 71 N. W. (2d) 257. In the latter case it was held that the determination of the interest which a survivor has in a joint deposit is dependent primarily upon the intention of the depositor and that this is a question of fact. See also *Plainse v. Engle,* 262 Wis. 506, 56 N. W. (2d) 89, 57 N. W. (2d) 586.

Our attention has not been called to any case decided by this court in which the rights of two named depositors during the lifetime of each were determined. Other states have adopted various rules, some by statute. Sec. 221.45, Stats., provides that when deposits are made in a bank in this state in the name of two persons, payable to either, or payable to either or the survivor, such deposit or any part thereof may be paid to either of the persons named, whether the other be living or not. This statute is clearly for the protection of the banks. Sec. 230.45 (2), provides that any transfer or assignment of personal property from husband to wife, or from wife to husband, which conveys an interest in the grantor's personal property and by its terms evinces an intent to create a joint tenancy, shall be held to create such joint tenancy.

The only competent evidence in the record as to the agreement between the parties, or one of them and the bank, is the instruments evidencing the deposits. It is clear that when Mrs. Schley in 1946 had certificates issued payable to William Schley and Bertha Schley, either or survivor, this was an assignment of personal property from wife to husband which conveyed an interest in her personal property and by its terms evinced an intent on her part to create a joint tenancy between herself and her husband. Although under

the statute she thereafter had the power to withdraw said funds, she did not have the power or right to appropriate and thereby destroy her husband's interest therein. When she made such withdrawals without the consent of her husband her acts severed the joint tenancy but did not destroy her husband's joint and equal interest therein. Those funds, once payable to either or the survivor, can now be traced to the two certificates, one for $820 and one for $459.20, that were found in her lockbox at the time of her death, or to the savings account in the amount of $737.86 in the Coloma bank. The amount represented by the above accounts is less than that deposited in the joint account in 1946. There is no evidence in the record as to the disposition of the balance and it must be inferred that it was used for living expenses of the parties. There have been some slight additions to the accounts but again it must be inferred that these were made from withdrawals from one of the joint accounts or from the interest earned upon such accounts, as there is no evidence that Mrs. Schley had any other income.

As to the $5,000 proceeds of the note and mortgage there is no evidence that would justify a holding that Mrs. Schley is responsible for any of the same. The first $1,000 was withdrawn by the two parties and that withdrawal was certainly with Mr. Schley's consent. The next $500 was drawn by him, and the further withdrawals by Mrs. Schley can be traced directly to the joint savings account in the Union State Bank.

As to the joint bank deposits, the trial court held that any agreement was not binding because it was never carried out, since each had and each exercised the right to withdraw the same without the consent of the other. From what has been stated above it is apparent that the trial court misconstrued the law applicable to joint bank deposits, and the judgment with reference thereto must be modified by providing that the claimant, William Schley, is entitled to one half of each of

the following: The certificate for $820, the certificate for $459.20, and the savings account of $737.86 in the Coloma Bank.

*By the Court.*—Except as herein modified, judgment affirmed. Cause remanded for further proceedings in accordance with this opinion.

* Motion for rehearing denied, with $25 costs, on January 10, 1956.