MILES, Respondent v. HANTEN, Appellant

(164 N.W.2d 601)

(File No. 10525. Opinion filed February 3, 1969)

**Willy, Pruitt & Matthews, Gene E. Pruitt,** Sioux Falls, for Geraldine M. Hanten, defendant and appellant.

**Marvin K. Bailin** and **F. Fred Fischer,** of **Christopherson, Bailin, Wilds & Bailey,** Sioux Falls, for Lowell W. Miles, plaintiff and respondent.

**Carl W. Miller,** Flandreau, for Dakota State Bank, defendand and respondent.

RENTTO, Judge.

This is another case involving a joint bank deposit. The dispute presented is between the heir of the depositor who created the account and the one whom he designated as a joint payee.

In this litigation Lowell W. Miles seeks to recover the amount payable under a savings certificate issued to Gerald Miles by the defendant bank on July 1, 1963 and made payable to the order of himself or Lowell Miles. The other defendant is the daughter of Gerald Miles. He died intestate on April 26, 1966 leaving this daughter as his sole heir at law. The judgment of the trial court determined that plaintiff was entitled to the possession of the certificate and to receive the money payable thereunder. From this the defendant daughter appeals.

The $4,000 used in procuring the certificate belonged to Gerald Miles. He and Lowell Miles, who was his nephew, had enjoyed a very close and friendly personal relationship for many years. Before securing the certificate he told the banker that he wanted Lowell Miles' name on it in case something should happen to him, because he didn't want his wife to get any part of it. Apparently they were living separate and apart as a result of marital difficulties. Shortly after acquiring the certificate he showed it to the plaintiff and told him that he had made the deposit in their names and that the money was there for him and his family if ever they needed it.

The certificate had on it this printed notation: "For Purpose Of Paying Interest And Mailing Notices, The Depositor Shown Above Shall Be Regarded As The Owner Hereof". Pursuant to this, interest payments on the deposit were made to Gerald Miles. After his death it was found by his daughter in the glove compartment of his car. That was her first knowledge of its existence. She was in possession of it when this action was commenced, but later surrendered it to the administrator of her father's estate.

On this evidence, which is not disputed, the court found that Gerald Miles intended to and did establish a deposit jointly owned by himself and the plaintiff and concluded that the certificate of deposit was the property of the plaintiff. This finding is justified by the evidence and in turn warrants the court's conclusion.

Appellant contends that plaintiff's claim to this deposit cannot be upheld as a joint tenancy, nor as a gift. In supporting these positions she leans heavily on In re Lower's Estate, 48 S.D. 173, 203 N.W. 312 and O'Gorman v. Jolley, 34 S.D. 26, 147 N.W. 78. In fact she claims that the Lower case is decisive of this lawsuit. That case applied concepts of traditional joint tenancy law and the O'Gorman case the law governing the creation of gifts to joint bank accounts. In both instances the claim of the beneficiary payee was denied. In the present state of our law concerning joint bank accounts there is no merit in either of these contentions.

In Barbour v. First Citizens National Bank of Watertown, 77 S.D. 106, 86 N.W.2d 526, we departed from these prior decisions and adopted the contract theory in joint bank account cases. We said that the controlling consideration in those situations was the intention of the original depositor which could best be accomplished by recognizing and giving effect to the contract of deposit. When the deposit contract is for the benefit of the joint payee, it is implemented by SDC 1960 Supp. 6.0414 which authorizes payment by a bank of an account in the names of two or more persons, payable to any of them or the survivor of them, to any one or more of said persons whether the others be living or not.

The Barbour decision acknowledged that joint accounts are sometimes established for the convenience or benefit of the original depositor, without intending any benefit to the joint payee. Concerning this dual purpose we therein said:

"Many joint deposits are established for the convenience or benefit of the original depositor. Whether or not the original depositor intended the joint account for his own convenience or for the benefit of the non-

> depositing payee is a factual question to be determined
> from all the facts and circumstances in the case. The
> form of the contract of deposit is not itself controlling.
> \* \* \* In the absence of contrary evidence, however,
> it serves as prima facie proof of beneficial intent."

This fact question the trial court here determined in favor of the
plaintiff. As indicated above there is ample evidentiary basis
for such finding. In fact it is not suggested that the evidence
is insufficient to support this finding.

In Wagner v. Wagner, 83 S.D. 565, 163 N.W.2d 339, we
had occasion to again consider this area of our law. We ap-
plied the contract theory which had been enunciated by this
court in the Barbour case with but one deviation. In Barbour
we said that the beneficiary had the burden of proving that the
contract was created for his benefit. This statement we over-
ruled in Wagner by adopting the Wisconsin rule that an ac-
count opened in joint names raises a rebuttal presumption that
the creator of such an account intended the usual rights incident
to jointly owned property, such as the right of survivorship, to
attach to it. And further that such presumption prevails and is
sufficient to support a finding to that effect unless the contrary
is shown by evidence that is clear and satisfactory. With only
this minor modification the rule announced in Barbour remains
the law of this jurisdiction.

Both parties have urged the last sentence of SDC 1960 Supp.
51.0212 as supporting their respective views. That sentence states:

> "Any deed, transfer or assignment of real or personal
> property to two or more grantees, including any deed in
> which a grantor is also a grantee, which, by the method
> of describing such grantees or by the language of the
> granting habendum clause therein evinces an intent
> to create a joint tenancy in grantees shall be held and
> construed to create such joint tenancy."

Since we have decided this case on the contract theory any-
thing that we might say about these contentions would be aca-

demic. However, we think it proper to observe that Wisconsin, which has a statute in part like ours, Stat. 230.45(2) and 230.45(3), has on occasions applied their statute to joint bank accounts. In re Schley's Estate, 271 Wis. 74, 72 N.W.2d 767 and In re Gray's Estate, 27 Wis.2d 204, 133 N.W.2d 816.

The thrust of appellant's argument is that we should recede from the contract theory, at least insofar as the deposit here in question is concerned. This we are unwilling to do. We think it a wholesome rule. In In re Michaels' Estate, 26 Wis.2d 382, 132 N.W.2d 557, the rationale of the Barbour decision is cogently stated in this language:

"The joint bank account is a comparatively new device in the long development of the law. While the joint payees of such account are termed joint tenants for lack of a better terminology, the account has different attributes than a true joint tenancy. Such an account provides a useful technique for transferring property, and need not fit any of the historical and traditional property concepts associated with the law of inter vivos gifts and joint tenancy. It would be a mistake to ignore the deposit contract and the intent of the parties in order to apply such concepts."

We concur in the stated conclusion. Accordingly, the judgment of the trial court is affirmed.

All the Judges concur.