KLOSTERGAARD et al., Respondents
v.
PETERSON et al., Appellants

(169 N.W.2d 259)

(File No. 10615.  Opinion filed July 11, 1969)

**John F. Murphy, Donley & Murphy,** Elk Point, for defendants and appellants Burdette Peterson and Helen Peterson.

**Samuel W. Masten, Davenport, Evans, Hurwitz & Smith,** Sioux Falls, for plaintiffs and respondents.

**Roscoe A. Frieberg, Frieberg & Frieberg,** Beresford, for defendant, Minor Peterson, as Executor of Estate of Niels C. Nielsen, Deceased.

RENTTO, Judge.

These plaintiffs are two of the heirs, devisees and legatees of Niels C. Nielsen, deceased, who died testate. In this action they seek to quiet title to funds in two joint bank accounts established by the decedent, a few days before he died, in his name and that of the defendant Burdette Peterson. This joint depositor is his grandnephew but not a beneficiary in his will.

The trial court found that the accounts were created for the convenience of the decedent and concluded that the funds involved were a part of the assets of his estate. Judgment in the amount thereof was entered against the defendants Burdette Peterson and his wife Helen. She was made a defendant because she became a joint depositor with her husband in one of the accounts shortly after decedent's death. They appeal.

The trial court's judgment was based on the holding of this court in Barbour v. First Citizens National Bank of Watertown. 77 S.D. 106, 86 N.W.2d 526. In that case, on the matter of proof we said that while the form of the account was not itself controlling, in the absence of contrary evidence it served as prima facie proof that the account was created for the benefit of the beneficiary depositor. We also said that the burden of proving this was on him. It was in this light that the trial judge viewed and weighed the evidence in arriving at his findings of fact.

While this appeal was pending, our decision in Wagner v. Wagner, 83 S.D. 565, 163 N.W.2d 339, was handed down. In

that case we overruled the above mentioned portion of the Barbour decision concerning the burden of proof and in its place adopted the Wisconsin rule. Under this an account opened in joint names raises a rebuttable presumption that the creator of such an account intended the usual rights incident to jointly owned property, such as the right of survivorship to attach to it. The rule provides further that such presumption prevails and is sufficient to support a finding to that effect unless the contrary is shown by evidence that is clear and convincing. In Miles v. Hanten, 83 S.D. 635, 164 N.W.2d 601, we reaffirmed this rule.

██ ██ When the decisional law upon which a judgment under appeal was based has been changed, we review and decide the issue presented to the trial court in the light of the rule announced in the overruling decision. Wakonda Independent Consolidated School District No. 1 v. McCullough, 63 S.D. 370, 258 N.W. 838; 111 A.L.R. 1342 (III). This we are unable to do in this case because the change in our decisional law with which we are concerned involves a factual determination which must be spelled out of oral testimony presented at the trial. Since it depends on a weighing of testimony its resolution is not for us, but for the trier of facts.

This court had occasion to consider a somewhat similar problem in State ex rel. Hurd v. Blomstrom, 72 S.D. 526, 37 N.W.2d 247. That case is authority for the position that if an issue of fact is involved in a situation such as we have here, it must be redetermined in the trial court before an appellate court can perform its function of review. We there said:

"Regular procedure would require that this case be remanded to the circuit court for a determination of these questions after which they could be reviewed on a second appeal to this court."

However, since the issues there involved were questions of law, and the parties had briefed them, this court, to save time and expense, did not remand the case, but decided such issues. For the reasons stated, we may not do that here.

Accordingly, the case is remanded to the circuit court for a reconsideration of the evidence contained in this record in the light of the appropriate rule of law on the matter of proof announced in our decision in the Wagner case, and the entry of new findings of fact, conclusions of law and judgment.

All the judges concur.