IN the MATTER OF the ESTATE OF Emmy
FRANK, Deceased: Virginia WACHNIAK,
Appellant and Cross-Respondent,

v.

ESTATE OF Emmy FRANK, Arthur T. Frank,
Personal Representative, Respondent and
Cross-Appellant.

Court of Appeals

*No. 86–1493. Submitted on briefs April 7, 1987.—Decided June
12, 1987.*

(Also reported in 410 N.W.2d 621.)

429

For the appellant and cross-respondent the cause was submitted on the briefs of *James A. Walt* of *Walt & Walt,* Milwaukee.

For the respondent and cross-appellant the cause was submitted on the briefs of *Arnold J. Gazinski,* of Milwaukee.

Before Moser, P.J., Wedemeyer and Sullivan, JJ.

SULLIVAN, J. Virginia Wachniak appeals an order to pay half of the proceeds of a joint savings account to the estate of Emmy Frank. Arthur T. Frank, who is Emmy's widower and the estate's personal representative, cross-appeals. We hold that sec. 705.03(1), Stats., precludes the estate's inquiry about funds that Wachniak removed from the account that she held jointly with Emmy. Accordingly, we reverse.

It is undisputed that Emmy opened a sole savings account in 1978. In 1980 Emmy assigned her account to a joint account with Wachniak. Two days before Emmy's death, at Frank's insistence, Wachniak withdrew the entire account, $10,054.41. According to bank records there were no previous withdrawals. Although the trial court made no finding, the record establishes without dispute that deposits came principally from Emmy's social security checks. Frank conceded that none of his paychecks or bank account savings went into this account.

The parties agree that the account was a savings account and a joint account within the definition of sec. 705.01(4), Stats. The trial court held that a joint tenancy with right of survivorship was created between Emmy and Wachniak and that Wachniak's withdrawal severed the account and destroyed rights of survivorship. It ordered Wachniak to pay half of the account, with interest, into the estate.

Frank demands return of the entire proceeds under sec. 861.17(1), Stats., which provides equitable relief to a surviving spouse for a decedent spouse's property arrangements in fraud of the survivor's rights. Wachniak maintains that Frank's claim was barred by the three-year limitation of sec. 861.17(5). Frank filed his individual claim in the estate on October 9, 1985; Emmy died in June 1982. The trial court never tried or decided this issue. The parties stipulated on the record that the only issue for trial was the estate's claim for recovery of the joint account funds. Frank's notice of cross-appeal lies only to the order determining the estate's claim. We thus lack jurisdiction to decide his individual claim.

■

The application of a statute to a particular set of facts is a question of law. *Bitters v. Milcut, Inc.,* 117 Wis. 2d 48, 49, 343 N.W.2d 418, 419 (Ct. App. 1983). Thus, we decide the issue independent of the trial court's determination. *Ball v. District No. 4, Area Bd.,* 117 Wis. 2d 529, 537, 345 N.W.2d 389, 394 (1984).

■

Wachniak argues here, as she did in the trial court, that she is entitled to the entire fund under sec. 705.03(1), Stats., which prevents inquiry by anyone into the use of funds withdrawn from a joint account. We agree. Subsection (1) provides lifetime rights between parties to a joint account. It vests the entire account in all joint parties regardless of respective contributions and regardless of the number of signatures required for payment. It further provides that application of sums withdrawn by a party to the account shall not be "subject to inquiry by any person, including any other party to the account." *Id.* Because the word "inquiry" is not defined in chapter 705, we resort to a dictionary to ascertain its ordinary and

accepted meaning. *Town of Lafayette v. City of Chippewa Falls,* 70 Wis. 2d 610, 619, 235 N.W.2d 435, 440 (1975). "Inquiry" is defined as "[t]he action of seeking ... for truth, knowledge, or information concerning something; search, research, investigation, examination." Oxford English Dictionary 323 (compact ed. 1979). The statute bars anyone, therefore, from looking into or questioning a party's application of sums withdrawn from the account during the lifetime of the joint parties.

Section 705.03(1), Stats., signalled a change in the troubled law of joint tenancies in accounts. In *Estate of Schley,* 271 Wis. 74, 72 N.W.2d 767 (1955), our supreme court held that each joint tenant's interest in certificates of deposit was equal regardless of contribution. Withdrawal of more than an equal share without the co-tenant's consent severed the tenancy. The other tenant's half interest was not destroyed, however, and he was permitted to trace the withdrawn funds into subsequently acquired certificates. *Id.* at 81, 72 N.W.2d at 770. *Estate of Kohn,* 43 Wis. 2d 520, 168 N.W.2d 812 (1969), upheld an estate's claim to half of the funds withdrawn by the deceased's husband from their joint account two days before her death. The withdrawal severed the tenancy and destroyed the husband's right of survivorship. The supreme court confessed "some difficulty with the severance rule applied to savings accounts." *Id.* at 525, 168 N.W.2d at 815. Had the husband waited until his wife's death, "he would have become the owner of the entire account by survivorship." *Id.* at 526, 168 N.W.2d at 815. The court also intimated that if the husband had established that the withdrawn funds had been used for purposes consistent with those contemplated by the couple upon creation of the account, a severance

would not have occurred. *Id.* at 525–26, 168 N.W.2d at 815.

In *Estates of Beisbier,* 47 Wis. 2d 409, 177 N.W.2d 919 (1970), our supreme court put to rest the questions of severance and tracing upon withdrawal from spousal joint checking accounts. The court held that a wife's estate had no claim to bonds owned solely by the surviving husband which he purchased from joint checking account proceeds. Reasoning that a joint checking account is more a shared wallet than a shared investment, the court declined to extend *Kohn* and *Schley* to such accounts. *Id.* at 417–18, 177 N.W.2d at 923. The court observed that application of severance and tracing to each check drawn by a spouse defeats the intent of the parties. *Id.* at 418, 177 N.W.2d at 923. We conclude that sec. 705.03(1), Stats., extends the teaching of *Beisbier* to all joint accounts. *See also Multiple-Party and Agency Accounts,* 48 Wis. Bar Bull., June 1975, at 51, 53–55.

Section 705.03(1), Stats., bars Emmy's estate from inquiring into the application of funds withdrawn by Wachniak in the same manner as Emmy herself would be barred if she were alive. We hold that a withdrawal of funds from a joint account by either of the joint parties, while both are alive, may not later be subjected to inquiry by the other party's estate. The doctrine of severance and tracing has been abrogated for joint savings accounts. The trial court erred, therefore, in ordering Wachniak to pay funds to the estate.

*By the Court.*—Order reversed.