COURT OF APPEALS
DECISION
DATED AND FILED

July 24, 2019

Sheila T. Reiff
Clerk of Court of Appeals

NOTICE

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2017AP798-CR**

Cir. Ct. No. **2012CF64**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT II

---

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

JOHNALEE A. KAWALEC,

DEFENDANT-APPELLANT.

---

APPEAL from a judgment and an order of the circuit court for Walworth County: JOHN R. RACE and KRISTINE E. DRETTWAN, Judges. *Affirmed*.

Before Neubauer, C.J., Gundrum and Hagedorn, JJ.

¶1 HAGEDORN, J. Johnalee A. Kawalec was a power of attorney for a former family member with whom she later held a joint bank account. The relationship soured, and Kawalec was accused of taking funds for her personal

use, leading to her conviction for theft by bailee under WIS. STAT. § 943.20(1)(b) (2017-18).[1] On appeal, Kawalec asserts that she received constitutionally deficient legal assistance due to her trial counsel's lack of knowledge of the applicable legal standard for her prosecution. Kawalec raises a novel legal theory. She argues that her counsel's failure to defend the case based on this theory constituted ineffective assistance of counsel. While Kawalec was entitled to defend herself by offering new facts and elements to the crime charged, her theory is far from clear or settled law. As such, her ineffective assistance of counsel claim fails. We affirm.

## BACKGROUND

¶2 In 2005, Henry Kawalec (H.K.) executed a power of attorney (POA) naming Johnalee Kawalec (Kawalec) and Kawalec's then-husband[2] as his attorneys in fact. The POA authorized Kawalec to conduct much of H.K.'s financial and other affairs. The POA also granted Kawalec broad powers, with some limits, to gift H.K.'s assets to others. However, Kawalec was explicitly prohibited from making gifts to herself or members of her immediate family unless she obtained written consent from all of H.K.'s heirs. The parties agree that by virtue of this POA, Kawalec had a fiduciary obligation not to engage in self-dealing.

¶3 In 2007, H.K. retitled his bank account with U.S. Bank to give Kawalec authority to act as the POA on that account. In 2010, H.K. converted this

---

[1] All references to the Wisconsin Statutes are to the 2017-18 version.

[2] Kawalec and her husband were H.K.'s niece-in-law and nephew, respectively.

into a joint account and named Kawalec as joint owner. The significance of this new joint account status is hotly disputed; more on that soon. In any event, a year later, Kawalec and H.K.'s relationship fell apart. H.K. revoked his POA and contacted the police with accusations that Kawalec had stolen money from the bank account.

¶4     Kawalec eventually was charged with two counts of theft by bailee under WIS. STAT. § 943.20(1)(b). Each count alleged that Kawalec had embezzled more than $10,000 by writing checks from the bank account—the first count occurring between June 1, 2009, and June 30, 2010, and the second between July 1, 2010, and August 8, 2011. A jury convicted her of the second count and acquitted on the first. Kawalec was sentenced to two years of probation and ordered to pay restitution. She later moved for a new trial on the basis of trial counsel's ineffective assistance. The circuit court denied the motion following a *Machner*[3] hearing, and she now appeals, reasserting her claim of ineffective assistance of counsel.

## DISCUSSION

¶5     Kawalec's challenge centers on whether her trial counsel knew and raised appropriate arguments based on the law governing a conviction of theft by bailee under WIS. STAT. § 943.20(1)(b). Since (but not at) trial, Kawalec has argued that her prosecution failed to properly account for her status as joint owner of the bank account as defined by WIS. STAT. § 705.03. This argument supplies

---

[3] *State v. Machner*, 92 Wis. 2d 797, 285 N.W.2d 905 (Ct. App. 1979).

the framework for her specific challenges to the adequacy of trial counsel's performance, so there we begin.

¶6    WISCONSIN STAT. § 943.20(1)(b) provides that it is a crime if someone does as follows:

> By virtue of his or her office, business or employment, or as trustee or bailee, having possession or custody of money or of a negotiable security, instrument, paper or other negotiable writing of another, intentionally uses, transfers, conceals, or retains possession of such money, security, instrument, paper or writing without the owner's consent, contrary to his or her authority, and with intent to convert to his or her own use or to the use of any other person except the owner….

The State prosecuted Kawalec under the theory that she was a bailee by virtue of the POA and her attendant fiduciary obligation not to engage in self-dealing. Thus, tracking the language of § 943.20(1)(b) (and following the standard jury instruction), the State was required to prove these four elements beyond a reasonable doubt:

> 1.  The defendant had possession of money or negotiable instruments belonging to another because of her status as a bailee….
>
> 2.  The defendant intentionally used the money or negotiable instruments without the owner's consent and contrary to the defendant's authority….
>
> 3.  The defendant knew that the use of the money or negotiable instruments was without the owner's consent and contrary to the defendant's authority….
>
> 4.  The defendant intended to convert the money or negotiable instruments to her own use or the use of any other person.

*See* WIS JI—CRIMINAL 1444; *see also* ***State v. Doss***, 2008 WI 93, ¶57, 312 Wis. 2d 570, 754 N.W.2d 150 (citing WIS JI—CRIMINAL 1444; ***State v. Blaisdell***, 85 Wis. 2d 172, 176, 270 N.W.2d 69 (1978)).

¶7 Kawalec argues that WIS. STAT. § 705.03 and her status as joint owner of the bank account functionally changes the nature of an otherwise straightforward prosecution under WIS. STAT. § 943.20(1)(b). Found within the civil law statutes related to multiple-party accounts, § 705.03(1) provides that an owner of a joint account can make withdrawals without being subject to inquiry by any person "[u]nless there is clear and convincing evidence of a different intent." Therefore, the statute serves as codified protection for joint owners to freely withdraw sums from a joint account. *See* ***Lloyd v. Lloyd***, 170 Wis. 2d 240, 269, 487 N.W.2d 647 (Ct. App. 1992) (citing ***Wachniak v. Frank***, 140 Wis. 2d 429, 431-32, 410 N.W.2d 621 (Ct. App. 1987)). With its conditional language, the statute also creates a presumption that depositing funds into a joint account is done with donative intent—that is, the funds were intended to be available for personal use by all joint owners. *See* ***Russ ex rel. Schwartz v. Russ***, 2007 WI 83, ¶31, 302 Wis. 2d 264, 734 N.W.2d 874.

¶8 Kawalec contends that this presumption—that H.K. intended the funds to be jointly owned and therefore available for Kawalec's personal use—should have applied in her case. Even more, she argues that WIS. STAT. § 705.03(1) effectively adds another hurdle to a conviction for theft by bailee under WIS. STAT. § 943.20(1)(b)—a hurdle not set forth in the crime's definition. The State, she maintains, could only overcome the presumption that she could spend the money as she wished by proving beyond a reasonable doubt that H.K. lacked donative intent (i.e., a different intent than the presumed free use by joint owners) when he converted his bank account into a joint account.

¶9 As noted above, one of the elements of the State's burden under WIS. STAT. § 943.20(1)(b) was Kawalec's "possession of money or negotiable instruments belonging to another" due to her status as a bailee. Kawalec essentially argues that the money she used was not property of another because of the presumption in WIS. STAT. § 705.03(1). But the statute Kawalec was charged with violating defines "property of another" as "includ[ing] *property in which the actor is a co-owner* and property of a partnership of which the actor is a member, unless the actor and the victim are husband and wife." Sec. 943.20(2)(c) (emphasis added). Therefore, it seems straightforward that property in a jointly owned bank account is "property of another" under the criminal statute unless the co-owners are married, which was not the case here. Kawalec offers no credible response to this.[4]

¶10 In addition, Kawalec is proposing that the State had the burden to prove an additional element to convict her of theft by bailee, an element not set forth in the specific and directly applicable criminal statute. ***Doss***, 312 Wis. 2d 570, ¶57 (reciting the elements required to obtain a conviction for theft under WIS. STAT. § 943.20(1)(b)). "If two statutes that apply to the same subject are in conflict, the more specific controls." ***State v. Anthony D.B.***, 2000 WI 94, ¶11, 237 Wis. 2d 1, 614 N.W.2d 435. Under well-settled principles of statutory interpretation, even though WIS. STAT. § 705.03 protects joint-account owners

---

[4] Kawalec argues that this definition does not apply because "property of another" appears only in WIS. STAT. § 943.20(1)(a), not (1)(b). But as the State points out, para. (1)(b) prohibits conversion of "money," and "money" clearly falls within the common sense and statutory definition of property under § 943.20(2)(b) ("'Property' means all forms of tangible property ...."). We also note that the penalties under § 943.20(3) all hinge on the "value of the property." Thus, the only reasonable reading is that any theft under § 943.20 is theft of "property."

from civil liability, the natural reading would not require adding to or modifying the elements amounting to criminal liability established by the legislature in § 943.20(1)(b).[5]

¶11 Because this case is before us under the rubric of ineffective assistance of counsel, we need not authoritatively decide whether the legal theory underlying Kawalec's claim is correct. Given that, at best, her claim is based on an unsettled theory and a suggested change to the legal elements of the underlying crime—a theory without any supporting authority to back it up—Kawalec's ineffective assistance of counsel challenges fall short.

¶12 Whether a defendant received ineffective assistance of counsel is a mixed question of law and fact. *State v. Villegas*, 2018 WI App 9, ¶23, 380 Wis. 2d 246, 908 N.W.2d 198. Unless they are clearly erroneous, we will uphold the circuit court's findings of fact, which include the circumstances of the case and counsel's conduct and strategy. *State v. Domke*, 2011 WI 95, ¶33, 337 Wis. 2d 268, 805 N.W.2d 364. Whether those facts establish that counsel provided ineffective assistance presents a question of law that we review de novo. *Villegas*, 380 Wis. 2d 246, ¶23.

¶13 The right to counsel is guaranteed by the United States and Wisconsin Constitutions. U.S. CONST. amend. VI; WIS. CONST. art. I, § 7; *see also Strickland v. Washington*, 466 U.S. 668, 686 (1984) ("[T]he right to counsel is the right to the *effective assistance* of counsel." (emphasis added; citation omitted)). To determine whether a convicted defendant received constitutionally

---

[5] This conclusion also undermines Kawalec's reliance on *Russ ex rel. Schwartz v. Russ*, 2007 WI 83, 302 Wis. 2d 264, 734 N.W.2d 874, a civil case not involving WIS. STAT. § 943.20.

ineffective assistance requires the defendant to establish that counsel's performance was deficient and that this deficient performance prejudiced the defense. *Villegas*, 380 Wis. 2d 246, ¶23. The defendant must satisfy both prongs to be entitled to relief. *Id.*

¶14 To establish deficient performance, the defendant must show that counsel's representation fell below the objective standard of "reasonably effective assistance." *Domke*, 337 Wis. 2d 268, ¶36 (citation omitted). "[F]ailure to raise arguments that require the resolution of unsettled legal questions generally does not render a lawyer's services 'outside the wide range of professionally competent assistance' sufficient to satisfy the Sixth Amendment." *State v. Breitzman*, 2017 WI 100, ¶49, 378 Wis. 2d 431, 904 NW.2d 93 (citation omitted). "Rather, 'ineffective assistance of counsel cases should be limited to situations where the law or duty is clear ....'" *Id.* (citation omitted).

¶15 To establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *Villegas*, 380 Wis. 2d 246, ¶24. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Domke*, 337 Wis. 2d 268, ¶54 (quoting *Strickland*, 466 U.S. at 694). The likelihood of a different result must be substantial: "It is not sufficient for the defendant to show that his counsel's errors 'had some conceivable effect on the outcome of the proceeding.'" *Id.* (citation omitted). In considering this prong, we examine the totality of the circumstances to determine whether counsel's performance, in the context of the entire case, deprived the defendant of a fair trial. *Id.*

¶16 Kawalec asserts that she was prejudiced by her trial counsel's failures to (1) present testimony of two bankers from U.S. Bank regarding H.K.'s donative intent in creating the joint account, and (2) object to jury instructions related to her alleged statuses as a bailee and a joint-account owner. Each of Kawalec's claims is founded at least in part on her theory that, due to WIS. STAT. § 705.03, a presumption of H.K.'s donative intent should have factored into her prosecution.

¶17 With her first claim, Kawalec contends that the bankers would have provided "crucial evidence" that H.K. created and funded the joint account with the intent to give her the funds.[6] She states that counsel's failure to present this evidence was prejudicial because such testimony "would have added a great deal of substance and credibility to her joint ownership defense."

¶18 As explained above, Kawalec's theory that the State had the burden to prove H.K.'s donative intent as an additional element of the crime has never been previously stated in our cases nor is it present in the criminal statute itself. Kawalec's counsel was not deficient for failing to defend the case under this theory. We are also unpersuaded that it was deficient for Kawalec's counsel to believe that a person can be prosecuted under WIS. STAT. § 943.20(1)(b) for stealing property he or she co-owns as the statute plainly suggests. In short,

---

[6] One of the bankers, H.K.'s financial advisor, testified at trial, while the other banker, H.K.'s personal banker, was presented at the posttrial evidentiary hearing. At trial, the former testified to joint accounts generally, as well as U.S. Bank's recognition of the joint account owned by H.K. and Kawalec; however, only the latter was present when H.K. converted his bank account to a joint account.

failing to offer witnesses to support Kawalec's novel theory was not deficient performance.[7]

¶19    Kawalec's second claim centers on two jury instructions that were not objected to by counsel. She contends that in each instance counsel's lack of knowledge as to the applicable legal standard was prejudicial.

¶20    The first disputed instruction dealt with the issue of joint ownership:

> You have heard testimony from [H.K.] that the funds in the US Bank account were the property of [H.K.] You have also heard testimony of the US Bank financial advisor that the bank recognized Johnalee Kawalec as a joint owner of the account. You are to determine what effect, if any, the bank's designation of the defendant as a "[Joint Owner Other]" has on this case when considering whether the defendant is guilty or not guilty of these offenses.

¶21    Kawalec argues that the instruction misstated the proper legal standard because it was not focused on H.K.'s alleged donative intent, which in turn left the effect of Kawalec's joint ownership in doubt. She also contends that the jury was falsely instructed that H.K. clearly testified that the joint-account funds were his property, which undercut other evidence showing he expressed donative intent that the funds were joint property. As already noted, not pursuing an amended instruction to address Kawalec's legal theory centered on donative intent was not deficient performance.[8] Moreover, the instruction correctly

---

[7] To the extent Kawalec argues that counsel's performance was deficient because the witnesses' testimony would have been useful for her defense beyond her theory based on WIS. STAT. § 705.03, we do not find such arguments developed and need not address them further. *State v. Pettit*, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992) (rejecting undeveloped arguments).

[8] As with our conclusion on the first ineffective assistance challenge, Kawalec has not sufficiently developed any arguments for our review of this challenge beyond her theory based on WIS. STAT. § 705.03. *Pettit*, 171 Wis. 2d at 646-47.

informed the jury of factual evidence presented at trial, and therefore we find nothing wrong with counsel's decision not to object.

¶22 The other disputed instruction involved the recitation of the elements of WIS. STAT. § 943.20(1)(b), the first of which read: "The defendant had possession of money or negotiable instruments belonging to another because of her status as a bailee. A person who acts as a power of attorney is a bailee." Kawalec asserts that the State was unfairly advantaged because the second sentence—which was added to the standard jury instruction without objection—made it seem as though her status as a bailee was proven as a matter of law by virtue of H.K.'s POA. She also argues that the instruction misstates the law because whether she was a bailee as opposed to a joint owner was dependent on H.K.'s intent.[9]

¶23 We once more reject the argument based on Kawalec's novel theory; however, we agree with her claim insofar as the instruction lowered, if not relieved, the State's burden of proving an element of the offense charged beyond a reasonable doubt. *State v. Harvey*, 2002 WI 93, ¶23, 254 Wis. 2d 442, 647 N.W.2d 189. By informing the jury that Kawalec was a bailee if she was an

---

[9] We conducted supplemental briefing in this case, throughout which Kawalec's argument continued to evolve. In her first briefs, she argued that her attorney was ineffective for not indicating her status as a bailee depended on H.K.'s intent when creating the joint account. Her argument in supplemental briefing is essentially that when Kawalec became a joint owner of the bank account, the agency relationship was severed, and that a joint-account owner cannot be prosecuted for embezzlement unless the State proved by clear and convincing evidence that H.K. had a different intent in adding Kawalec as a joint owner to the account.

This newer argument is problematic in part because it is new on supplemental briefing, and also because the criminal statute defines "property of another" to include a co-owner, as explained above. Her only reply is to resort to WIS. STAT. § 705.03, but that civil statute does not change the criminal statute's clear terms. And again, Kawalec has no credible response to this.

11

attorney in fact, the instruction presumptively answered a question of fact as to whether Kawalec was acting as a bailee. *See State v. Dohn*, 216 Wis. 367, 368-69, 257 N.W. 21 (1934) ("The case will be properly disposed of by determining whether the evidence supports the conclusion that the defendant was in fact a bailee ...."); *Burns v. State*, 145 Wis. 373, 380, 128 N.W. 987 (1910) ("It is suggested that the court should have defined the term 'bailee,' as used in the statute and left it to the jury to find the fact as to whether the circumstances satisfied such statute or not.").

¶24    Even so, Kawalec was not prejudiced by this error because the record clearly establishes that Kawalec was acting as a bailee during the relevant period. A bailment is defined by a person's lawful possession of and duty to account for the property of another. *See Yao v. Chapman*, 2005 WI App 200, ¶19, 287 Wis. 2d 445, 705 N.W.2d 272 (quoting *Burns*, 145 Wis. at 380). H.K.'s POA authorized Kawalec to handle his financial affairs by using funds in his bank account. In conjunction with that authority, however, Kawalec had a fiduciary obligation to not engage in self-dealing. Thus, Kawalec was a bailee because she could lawfully possess H.K.'s money as long as she accounted for such funds in compliance with the POA. Accordingly, Kawalec has not established a reasonable probability that the jury's verdict would have been different had counsel objected.[10]

---

[10] In response to this court's request for additional briefing on the matter, Kawalec contends that we should exercise our discretionary reversal authority under WIS. STAT. § 752.35 because the issue of H.K.'s intent was not fully tried. Kawalec's argument is premised on the same challenges underlying her assistance of counsel claims that we reject above. Accordingly, we decline to exercise our authority to order a new trial here. *State v. Jones*, 2010 WI App 133, ¶43, 329 Wis. 2d 498, 791 N.W.2d 390 (rejecting call for reversal based on already rejected contentions).

## CONCLUSION

¶25 Because we conclude that Kawalec failed to establish she received ineffective assistance of counsel, we affirm the decision of the circuit court.

*By the Court.*—Judgment and order affirmed

Not recommended for publication in the official reports.